HAMBURGER *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

(*Jackson.* April Term, 1917.)

1. NEW TRIAL. Order for judgment notwithstanding verdict.
In an action for personal injuries, where there was verdict and judgment for plaintiff, and defendant's motion for new trial on ground of insufficiency of evidence was denied, court could not thereafter set aside the verdict, and render judgment for defendant notwithstanding verdict. (*Post, pp.* 127, 128.)

2. APPEAL AND ERROR. Review verdict. Approval of trial court.
A verdict in action for personal injuries can have no weight on appeal, where trial court overruled defendant's motion for new trial, but thereafter rendered judgment for defendants notwithstanding the verdict; it being impossible to say that such verdict had approval of trial court. (*Post, pp.* 128, 129.)

3. APPEAL AND ERROR. Review. Assignments of error. Failure to urge in intermediate court.
Objection that plaintiff appealed to court of civil appeals from judgment for defendant notwithstanding verdict, without moving for new trial in lower court, cannot be made for the first time in the supreme court, and, not having been made in the intermediate court, cannot be urged. (*Post, pp.* 129-131.)

Cases cited and approved: Bostick v. Thomas, 191 S. W., 968; Jacks v. Lumber Co., 125 Tenn., 123; Seymour v. Railroad, 117 Tenn., 98; Barnes v. Noel, 131 Tenn., 126; Railroad v. Johnson, 114 Tenn., 632; King v. Cox, 126 Tenn., 553.

Code cited and construed: Sections 4851, 4852 (Thomp.-Shan.).

4. APPEAL AND ERROR. Preservation of grounds. Motion for new trial. Necessity.
Where trial court refused to direct verdict for defendant, and overruled defendant's motion for new trial, but thereafter rendered

judgment notwithstanding the verdict for defendant, plaintiff, to preserve his grounds of review, must move for a new trial, and cannot predicate his assignments of error upon the order disposing of defendant's new trial motion. (*Post, p.* 131.)

## FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— A. B. PITTMAN, Judge.

JOHN E. BELL, EDWIN G. BELL and W. H. BORSJE, for plaintiff.

SIVLEY & EVANS and BURCH & MINOR, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This is an action for personal injuries received by plaintiff at the crossing of the defendant railroad and Plum street, near the city of Memphis. There were verdict and judgment for the plaintiff below in the sum of $4,200, June 11, 1915. On June 19th the defendant made a motion to set aside the verdict of the jury and to render judgment in favor of the defendant, in accordance with the motion made by the defendant at the time of the trial for the court to instruct the jury to return a verdict for defendant. This motion was sustained, "and the verdict of the

jury herein be set aside and for naught held, and judgment is hereby rendered in favor of the defendant and against the plaintiff.'' Later, on June 28, 1915, a *nunc pro tunc* order as of June 19th was entered in the following language:

- ''In this cause, after due consideration of the several grounds, the motion of defendant for a new trial is by the court overruled and disallowed, to which action of the court the defendant excepts. This order is entered *nunc pro tunc* as of June 19, 1915.''

Both plaintiff and defendant prayed and perfected appeals, and on the same day plaintiff filed a bill of exceptions. The motion for a new trial contained fifteen general divisions and numerous subdivisions of each general division, and among other things presented the question as to whether the verdict of the jury was supported by the preponderance of the testimony. It was followed by the motion to set aside the verdict of the jury and to render a verdict on behalf of the defendant, and this motion presents four questions, all of which are included in the motion for new trial. They are: First, there is no evidence to support the verdict; second, because no negligent act was proven against the defendant; third, because the allegations of the declaration are not such as would entitle the plaintiff to recover against the defendant; and, fourth, because the proof shows that the negligent act was not committed by the defendant.

In the progress of the trial, and before either of the foregoing motions was made or acted on by the trial judge, his honor made the following remarks:

"I want to say right now that I may do wrong in that, but, even if I believed that that was not the law, I would make the same ruling, because this presents a complex question of law, and if the circuit judge has any doubt at all about it, he should get the verdict of the jury on the facts of the case; no matter whatever he may thereafter conclude to do on this question of ownership, he should let the jury say whether the people who did operate this particular train were negligent or not. He should let the jury say if they were negligent, how much damage, and get all of that settled, and not stop the trial, and have it all to go over again, in the event he was wrong about it. So that, just as I did in that case against the city of Memphis and as I have done in a number of cases, even where I was of the opinion that the defendant was entitled to what we commonly call a 'P I,' I overruled it, and got an expression from the jury on the facts, which we have spent a day and a half developing here—not throw all of that away, and let the jury fix the facts, and say whether the crew that ran this train was guilty of negligence or not, and let the jury say whether the plaintiff was guilty of contributory negligence, and let the jury fix the amount, if they find you were negligent, or if the jury finds that the plain-

tiff was guilty of contributory negligence, or that this train was not guilty of negligence, that ends the case on the facts. If the jury finds against the railroad and fixes the amount, that settled the facts. We don't ever have to try them over again, and this question of law may still be settled, and I sustain Mr. Bell's motion at this moment, and shall state to the jury that all this confusing proposition about who was operating it is eliminated, that the I. C. is liable if the train crew were guilty of negligence, and the plaintiff was not guilty of contributory negligence. Now, is there any further evidence?''

It should be manifest upon the slightest reflection that we cannot approve of the practice adopted by the trial judge. The rules of practice adopted by this and other courts are intended to secure a faithful and efficient administration of justice. The administration of the law is not an idle ceremony, but is truly a serious business. To approve the judgment in this case would take from the defendant $4,200 and bestow it upon the plaintiff. It will be observed that judgment was entered upon the verdict, which was never set aside, and the judgment, so far as the form of practice adopted below is concerned, is still in force. The motion for a new trial raising the point, among other things, that the evidence preponderates against the verdict was overruled; but after judgment, and after action on the motion for new trial, the court undertook to set aside the verdict and render judgment for the defendant. We think it

is plain that his honor cannot disregard his own judgments in such manner, notwithstanding it is also plain that he intended to do so.

For a much greater reason we cannot approve the judgment. The excerpt from the record above set out shows that his honor believed that he could submit the question to the jury whether he believed it was a case to go to the jury or not, and afterwards set aside the verdict of the jury as a mere formality, or approve it by overruling the motion for new trial as a mere formality, and later, upon the second motion, express his real judgment and act upon his conscience. The reason that this court will not weigh evidence and undertake to determine the credibility of witnesses upon appeal from a trial by jury is that the jury and the judge have seen the witnesses, have heard them testify, have looked them in the face, and from these observations have fixed the credibility of the testimony. This court has often said that it would not undertake to weigh testimony in cases in which the trial judge had approved the verdict of the jury. If he does not approve of the verdict, that ends all inquiry in this court upon the credibility of the evidence, and results in a remand for a new trial. We must know that the verdict of the jury has the approval of his judgment and his conscience. The judgment upon the verdict is not an idle ceremony, but is intended to convey to this court the approval of the trial judge of the weight

Hamburger v. Illinois Central R. R. Co.

and credibility of the witnesses as fixed by the verdict of the jury. The remarks of his honor, together with the action taken upon the two motions, forbid that we should conclude that the verdict of the jury has his approval, and it also forbids that we should conclude that he disapproved the facts found by the jury. It is impossible to say from the record whether his honor agreed with the jury as to the weight of the testimony or not. This court has always attached very great importance to the concurrence of the trial judge with the jury in finding the facts. His honor, in the observations set out, misconceived the functions of the jury, as well as the functions of the court, in establishing the facts of the case. The verdict of the jury, without his approval, goes for naught upon appeal. His approval of the jury's verdict is a statement to this court that he concurs with it in its determination of the weight of the testimony. If he does not so agree as to the weight of the testimony, he must disapprove of the verdict by awarding a new trial. The foregoing statements are so familiar that they do not require citation of authority to sustain them. It has been the practice in this State for almost one hundred years, and so far as we are advised the practice is unbroken and consistent throughout.

At the conclusion of all the proof the defendant moved the court for a peremptory instruction to the jury to bring in a verdict for it. As stated, this

138 Tenn.—9

motion was overruled, and the jury returned a verdict against the defendant. Later a motion was made for a judgment notwithstanding the verdict of the jury, upon consideration of which the court directed a verdict in favor of the defendant as set out above. The plaintiff did not move the court for a new trial, but appealed to the court of civil appeals. It is said in this court for the first time that. plaintiff below is without remedy, because he failed to move the court for a new trial. Two replies are made to this contention: First, that the assignment comes too late; and, second, that the case of *Bostick* v. *Thomas*, 10 Thomp.(137 Tenn.) 99, 191 S. W., 968, should be overruled.

We think the first contention is well made. 126 Tenn., 715, 160 S. W., ix, subsections 4, 5, of rule 14; *Jacks* v. *Lumber Co.*, 125 Tenn., 123, 140 S. W., 1066.

We think however, that *Bostick* v. *Thomas*, supra, is a logical deduction from *Seymour* v. *Railroad*, 117 Tenn., 98, 98 S. W., 174, and *Barnes* v. *Noel*, 131 Tenn., 126, 174 S. W., 276. Seymour's Case is the first case in this State which deals with a motion for a new trial after a directed verdict. It was there held by a divided court that a motion for a new trial should be made to test in this court the correctness of the action of the trial judge in giving a peremptory instruction to the jury. This case settled the practice in this State upon this question, and the profession generally has understood the practice in

accordance with that decision. The question is one of practice and one of authority. It was based on *Railroad* v. *Johnson,* 114 Tenn., 632, 88 S. W., 169, and was followed in *King* v. *Cox,* 126 Tenn., 553, 151 S. W., 58. Following that case was *Barnes* v. *Noel,* supra, which held that if the trial judge, upon consideration of a motion for new trial, should conclude that he was in error in overruling the motion for a directed verdict, it was his duty to direct a verdict in consideration of the motion for a new trial. *Bostick* v. *Thomas* merely held that one appealing from the action of the court, such as is discussed in *Barnes* v. *Noel;* must make a motion for a new trial for himself. It was inadvertently and erroneously stated in *Bostick* v. *Thomas* that the appeal was not from the order overruling the motion for a new trial. This was a mere inadvertence, the incorrectness of which is shown by an examination of sections 4851, 4852, Thompson-Shannon's Code.

The appellant cannot assign errors upon the action of the trial judge in overruling the motion for new trial made by the appellee. Section 4852, supra, expressly provides that the errors to be assigned in the supreme court by the appellant shall go to the action of the trial judge in improperly granting or refusing him a new trial. This is the meaning of *Bostick* v. *Thomas.* We are satisfied with its correctness, except as as to the erroneous reason given by the judge writing the opinion.