QUEENER *et al. v.* WALKER *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

K. E. STEINMETZ, of Knoxville, for plaintiffs in error.

ELY & ELY, of Knoxville, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

This case involves the will of Mrs. Kate E. Walker, deceased, as to whether or not it is entitled to probate. The paper writing in question was executed on the 19th day of August, 1934. The manner and form of its execution is governed by the statute as it existed prior to the Uniform Wills Act of 1941. Williams' Code, Section 8098.1 et seq. The writing was admitted to probate in the county court, but was later transferred to the circuit court of Knox County where it was contested, the issues being made up under the direction of the court. At the conclusion of all the evidence the contestants moved the court for a directed verdict, which was over-ruled, and, following the charge of the court, the jury returned a verdict in favor of the will. The contestants thereupon moved the court for a new trial upon the ground that the court erred in not directing a verdict against the will. The trial judge sustained the motion, granted a new trial and entered a judgment sustaining the contest. The proponent moved the court for a new trial, citing the foregoing as error, which was overruled

and thereupon an appeal was prayed and granted to the Court of Appeals.

The testimony introduced by the proponent to sustain the script as a valid holographic will was that of Pauline Strickland, a friend of the testatrix for more than 17 years, Mrs. George Seymour, a sister, and Mr. K. E. Steinmetz, who was her counsel in some very important litigation. All three of these witnesses testified that they were familiar with the handwriting of Mrs. Walker, that it was generally known by her acquaintances, that the script in question was all in her handwriting, including her signature. Several bank employees testified that they knew the signature of Mrs. Walker and that in their opinion she signed the script in question. Several of the contestants testified that the writing was not in the handwriting of the testatrix.

There is no conflict in the testimony as to where the script was found after her death. As to the location of the script the Court of Appeals correctly found the following facts: ''The proof in the present case reveals that the paper writing in question was found in a white pocketbook belonging to deceased which was located in a buffet drawer in the dining room of her home; that other papers found in the pocketbook included the will of Opal Walker Queener, proponent herein, deeds in which testatrix and her deceased husband were grantees, fire insurance policies on the home of testatrix, insurance premium receipt books and several receipts belonging to testatrix, and a cancelled mortgage on her home to the Fidelity Bankers Trust Company and the note secured by it. There were other pocketbooks found at different places in the home in which were found cancelled checks, Christmas cards and other papers, but the

white pocketbook appeared to contain her most valuable papers.''

The trial judge in sustaining the defendants' motion for a new trial and a directed verdict against the will, found that: ''The Statute requires that proof of a holograph shall be by three credible witnesses by whom it must be proved that they verily believe the writing and every part of it to be in the hand of the deceased and that the handwriting of the testator is generally known by her acquaintances. The proof has fallen short of this positive requirement of the law.'' He stated further that ''the verdict should be directed for this reason alone, but it also appears that there is no positive satisfactory proof that the document was found after Mrs. Walker's death among her valuable papers''.

The Court of Appeals, upon proper assignment of errors, found as follows:

''There can be no doubt in this case but what there was sufficient evidence to support the finding of the jury upon every question establishing the validity of the paper as a holographic will, and we think that the Trial Court erred in setting aside the verdict of the jury and directing a verdict for contestants.

''We believe this is a proper case for reinstatement of the jury verdict and pronouncement of judgment thereon by this Court, as provided by Code Sections 8985, 8986. (See *Merriman* v. *Coca-Cola Company of McMinnville,* 17 Tenn. App. 433, 68 S. W. 2d 149.)''

We granted *certiorari* for the sole purpose of reviewing the action of the Court of Appeals in entering an order directing the reinstatement of the verdict of the jury. Oral argument has been heard as provided by rules of the Court.

■■ We find no error in the Court of Appeals' opinion in reversing the case because there is material and substantial evidence which tends to support the proponent's contention that the writing in dispute is a valid holographic will. But we think the court was in error in remanding the case and directing that "the verdict of the jury, sustaining the paper as a valid will, be reinstated." Our conclusion is based upon the fact that the evidence for and against the will was sufficient to carry the case to the jury. The instant case differs from *Cude* v. *Culberson*, 30 Tenn. App. 628, 209 S. W. 2d 506, relied on by proponents. There the jury found against the will on the ground that the testator did not have sufficient mental capacity to make a will. This verdict was approved by the trial judge. Upon appeal the Court of Appeals reversed the lower court and ordered that the will be admitted to probate upon the ground that there was no evidence in the record tending to show mental incapacity.

In *Gregory* v. *Susong et al.*, 185 Tenn. 232, 205 S. W. 2d 6, also relied on by proponents, there was a verdict by the jury against the will, which was approved by the trial court. The case was reversed by the Court of Appeals and remanded "for the entry of an order sustaining the will and codicil." The finding of that court and this Court was that there was no evidence showing a revocation of the will, just as in *Cude* v. *Culberson, supra,* and *Hammond* v. *Union Planters Nat. Bank,* 222 S. W. 2d 377, there was found no evidence showing mental incapacity to make a will.

We find no merit in proponents' contention that the verdict of the jury should be upheld in this Court to avoid delay in determining the present controversy, and

that it is our duty "to do that which should be done". This would be a sound argument if the case were in the same plight as *Cude* v. *Culberson* and *Hammond* v. *Union Planters Nat. Bank, supra.* The mere fact that there must be another trial of the case, with additional expense to the litigants, is no ground for rendering a judgment that is without lawful authority. It is true, as counsel contends, that the Court very often corrects a judgment or decree of the lower court, "doing that which should have been done" in the first instance. But such cases were generally from courts of chancery upon broad appeal where there was a hearing *de novo*, and not from courts of law.

Proponents' counsel has cited *Barnes* v. *Noel,* 131 Tenn. 126, 130, 132, 174 S. W. 276, 277, as authority for this Court to correct a judgment of the circuit court. But the case is not in point because the authority for correcting such a judgment is derived from Chapter 106, Acts of 1875, brought into the Code at Sections 8985 and 8986, and confers upon "the Supreme Court [the] power to grant new trials, or to correct any errors of the circuit court in granting or refusing same", the statute being limited to cases wherein the losing party appeals and relies upon errors appearing in a wayside bill of exceptions.[1] In all cases where a wayside bill of exceptions

---

[1] "8985 4851. Motion for new trial; bill of exceptions.—Where a motion for a new trial shall be granted or refused, either party may except to the decision of the court, and may reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case, and also the decision of the court on said motion; and it shall be the duty of the judge, before whom such motion is made, to allow and sign the same, and the said judge, of either the circuit, criminal, or chancery courts, may upon application made during the term, in his discretion allow not more than thirty

is brought up along with the record of the second trial, the judgment upon the first trial does not of course have the approval of the trial judge. In every such case the statute makes it the duty of the Supreme Court, as pointed out in *Barnes* v. *Noel, supra,* "to grant new trials, or to correct any errors of the circuit court in granting or refusing same." To the same effect compare *Chesapeake, O. & S. W. Railroad Co.* v. *Higgins,* 85 Tenn. 620, 627, 4 S. W. 47. In all other cases "this court has no power to act until the circuit judge has acted." *Telephone and Telegraph Co.* v. *Smithwick,* 112 Tenn. 463, 464, 470, 79 S. W. 803, 805. In *Hurt* v. *Yazoo & M. V. R. Co.,* 140 Tenn. 623, 205 S. W. 437, the plaintiff recovered a judgment for $30,000.00. The trial judge later set aside the verdict and granted a motion for a directed verdict. Upon appeal we held that it was error to direct a verdict for the defendant. But at the same time the motion to reinstate and approve the verdict for the plaintiff was denied upon the authority of *Hamburger* v. *Illinois Central Railroad,* 138 Tenn. 123, 196 S. W. 144. The case was reversed and remanded for a new trial.

---

(30) days from and after the adjournment of the court to file same; and such bill of exceptions shall be a part of the record in the case. Whenever such motion for a new trial shall appear to have been filed and acted upon in the lower court, such shall be and become a part of the record without the necessity of spreading the same on the minutes or incorporation in the bill of exceptions. (1875, ch. 106; 1939, ch. 39, sec. 1; 1945, ch. 20, sec. 1.)"

"8986 4852. What errors may be assigned; new trials granted.—It shall be lawful for the appellant in such case to assign for error that the judge in the court below improperly granted or refused a new trial therein, and the appellate court shall have power to grant new trials, or to correct any errors of the circuit court in granting or refusing the same. (Id.)"

Since the question decided on this appeal is one of procedure in this State we think it would be unprofitable to cite and distinguish cases from other jurisdictions bearing upon the same problem.

The Court of Appeals is reversed only so far as it remanded the case with the direction to reinstate the verdict of the jury. In all other respects it is affirmed.

All concur.