Rolla A. Smith

*v.*

Grady Lynn Tucker.

(*Jackson,* April Term, 1957.)

Opinion filed March 4, 1958.

Rehearing Denied April 9, 1958.

306

HANOVER, HANOVER, HANOVER & WALSH, Memphis, for plaintiff in error (respondent).

McDONALD, KUHN, McDONALD & CRENSHAW and EDWARD P. A. SMITH, Memphis, for defendant in error (petitioner).

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case comes to us by petition for the writ of *certiorari* to the Court of Appeals, the writ having been

granted to review an alleged error by that court in reversing the trial court and in reinstating the verdict of the jury.

The counsel representing the parties interested have orally argued the issues, and submitted elaborate briefs for consideration by the Court.

Since the issues are clearly stated by Judge Bejach in writing the Court of Appeals' opinion, and which are not controverted, we quote:

"This cause involves an appeal in error by Rolla A. Smith, who was plaintiff in the lower court, from a judgment of the Circuit Court of Shelby County setting aside a verdict of $5,000 in favor of the plaintiff, on defendant's motion for a new trial, and ordering a directed verdict in favor of defendant. For convenience, the parties will be styled as in the lower court, plaintiff and defendant. The suit was the result of severe injuries sustained by plaintiff, who was struck by defendant's automobile on Sunday, January 29, 1956, at about 9:25 A.M., while plaintiff was crossing from the south side of Faxon Avenue to the north side of same, a short distance east of North Waldran, in front of or near the Epworth Methodist Church. The defendant's automobile, driven by himself, was proceeding westwardly on Faxon Avenue at a speed of approximately 30 miles per hour, and the collision occurred at about the middle of the street. The plaintiff's declaration is in three counts. Count I of the declaration alleges common law negligence on the part of defendant, consisting of operation of his automobile in a reckless, careless and negligent manner. Defend-

ant's negligence was specifically charged as, driving at a dangerous and reckless rate of speed under the circumstances then and there existing, not keeping a proper lookout ahead, and that the defendant did not use all reasonable means to avoid a collision when he saw, or by the exercise of reasonable care, should have seen that a collision was imminent. Count II charges violation of a city ordinance prohibiting reckless driving, and Count III charges violation of a State statute prohibiting and defining reckless driving. The defendant filed pleas of not guilty and contributory negligence; and, later, filed special pleas denying each and every allegation of plaintiff's declaration, and setting out the provisions of a city ordinance and a State statute requiring persons who cross streets elsewhere than at marked crosswalks to yield the right of way. Said special pleas also set up that violation of said ordinance and statute on the part of plaintiff constituted proximate contributory negligence which bars his right of action in this cause. By way of replication, plaintiff filed other provisions of said ordinance and statute which require due care on the part of drivers of vehicles, notwithstanding said ordinance and statute may have been violated by a pedestrian. Defendant's rejoinder joins issue on the plaintiff's replication, denies violation by defendant of said city ordinances or State statutes, and denies that violation of either of them was the proximate cause of the accident.

"Both at the end of plaintiff's proof and at the conclusion of all the proof, defendant's counsel moved for a directed verdict, which motions were overruled by the trial judge. The cause was submitted to a jury,

which returned a verdict in favor of plaintiff in the sum of $5,000. On motion for a new trial made by defendant, however, the trial judge granted same and sustained defendant's motion for a directed verdict, on the ground that plaintiff's crossing of Faxon Avenue at a place other than the designated cross-walk, constituted direct contributory negligence which was part of the proximate cause of the accident and barred plaintiff's right of recovery. Plaintiff then filed his motion for a new trial which was overruled, and his appeal in the nature of a writ of error has been perfected.

"The plaintiff in error in this Court, who was also the plaintiff below, has filed five assignments of error. It will not be necessary to copy these assignments of error into this opinion, nor to discuss them separately. Whether considered separately or collectively, they question the correctness of the trial judge's action in granting the defendant's motion for a new trial and ordering a directed verdict in favor of defendant. These assignments of error, together with the remainder of the record of this cause, present only two questions for determination by this Court, viz.:

"First, whether or not the trial judge erred in granting a directed verdict in favor of defendant.

"Second, whether or not the jury's verdict in favor of plaintiff in the sum of $5,000 should be reinstated by this court."

The Court of Appeals found that there was material evidence to support the implied finding by the jury that the defendant was guilty of negligence in driving his car,

and for this reason the trial judge was in error in directing a verdict for the defendant. The verdict of the jury was reinstated upon the theory that the same was *approved by the trial judge*. This conclusion is based upon the following quoted excerpt from the opinion of the trial judge in directing a verdict for the defendant:

"The jury necessarily found that the defendant was guilty of negligence, and in that this Court concurs, for according to the proof there was no reason why this defendant should not have seen the plaintiff prior to the moment of the impact had he been exercising reasonable and ordinary care.

"So that the sole question the Court has before it in this cause is whether or not plaintiff was himself guilty of direct or proximate contributory negligence.

\*   \*   \*   \*   \*   \*

"The amount of the verdict would indicate that they found some ngeligence on the part of the plaintiff. The injuries, as I say, were very serious, his medical expenses were large, and in the absence of a finding on the part of the jury of some kind of negligence, would have justified a verdict for a much larger amount.

"I am unable to see where either a court or jury could find that the plaintiff's negligence was remote contributory negligence. His type of negligence in the case, as I view it, is bound to have been direct or proximate contributory negligence."

The Court of Appeals' comment upon the trial judge's opinion is, as follows:

"We think the above quoted language is sufficient to warrant a conclusion by us that the trial judge did, by necessary implication, approve the verdict of the jury, and that he set it aside and granted a directed verdict in favor of the defendant solely because of an error on his part in applying the law applicable to the facts of this case. We have, in this opinion, corrected that error of law, and we think such correction warrants a reinstatement of the jury's verdict."

In support of its action in reinstating the verdict of $5,000.00 in favor of the plaintiff, the principal cases relied on are *Merriman v. Coca Cola Bottling Co.*, 17 Tenn. App. 433, 68 S.W.2d 149; *Gray v. Kent*, 5 Tenn. Civ. App. 519; Section 27-108, T.C.A. It is important to note the following statement by the Court of Appeals:

"Also, in *Chesapeake, Ohio & S. W. R. Co. v. Higgins*, 85 Tenn. 620, 4 S.W. 47, and in *Jenkins v. Hankins*, 98 Tenn. 545, 41 S.W. 1028, the Supreme Court, actually reinstated verdicts which the trial judges, acting as thirteenth jurors, had either expressly or by necessary implication, approved. In both of these last named cases, the verdicts which were reinstated had been returned at previous trials but had been preserved in wayside bills of exceptions."

The counsel for the plaintiff Smith insists that the Court of Appeals was correct in reinstating the verdict of the jury upon the grounds stated, i. e., that it was approved by the trial court and was not otherwise erroneous.

On the contrary the defendant's counsel earnestly contend that the Court of Appeals erred in not affirming the

action of the trial court in directing a verdict for defendant because the plaintiff's negligence was the sole proximate cause of the accident.

The Court of Appeals was correct in making the following statement as controlling the issue now before us: "We are, of course, aware that we are without authority to reinstate a verdict, unless the trial judge has, as the thirteenth juror, approved such verdict", citing *Hurt v. Yazoo & M. V. Ry. Co.*, 140 Tenn. 623, 205 S.W. 437; *Hamburger v. Illinois Central R. Co.*, 138 Tenn. 123, 196 S.W. 144; *Queener v. Walker*, 189 Tenn. 268, 225 S.W. 2d 57.

We cannot agree with the contention of either the appellant or the appellee: [1] It was error for the Court of Appeals to reinstate the verdict of the jury because it was not approved by the trial judge; in fact it was expressly disapproved by the court's action in directing a verdict for the defendant. [2] The Court of Appeals should have held, as it apparently did, that the trial judge erred in directing a verdict, because there was sufficient evidence to take the case to the jury on the issue of defendant's negligence and the plaintiff's contributory negligence.

The fundamental error, in the judgment of the trial judge was, having found on the defendant's motion for a new trial that the defendant was guilty of some negligence proximately causing the accident, he erred in directing a verdict dismissing the plaintiff's suit because it was his duty to consider the evidence in its strongest light in favor of the plaintiff's contention, *disregarding all countervailing evidence*. We think in these circum-

stances it was his duty to grant a new trial on the ground that the evidence preponderated against the verdict.

There is no escape from the conclusion that both courts found that the defendant was negligent. This being true there was no basis for directing a verdict for the defendant as above pointed out. Nor is there any ground for reinstating the verdict for $5,000 when it conclusively appears that it was expressly disapproved by the trial judge. Moreover we find, contrary to the view of the Court of Appeals, that the trial judge did not error as a matter of law in directing a verdict, but erred in not granting a new trial on the facts.

With all deference to the view entertained by the Court of Appeals we think the case of *Merriman v. Coca Cola Bottling Co., supra,* does not control the case at bar. In that case the court erroneously rested its decision upon ill-advised authority, i. e. the statute of 1875 (Sec. 27-108, T.C.A. *infra*) which authorizes the appellate court to correct errors in a wayside bill of exceptions. This statute was expressly relied on in *Barnes v. Noel,* 131 Tenn. 126, 174 S.W. 276, and cases cited therein. We think a contrary construction of this statute of the Code would result in conferring upon the Court of Appeals the right to correct errors, i. e. reinstate judgments obtained in a court of law, *without the approval of the trial judge.*

The theory upon which the Merriman case [17 Tenn.App. 433, 68 S.W.2d 157] was affirmed disregarded the well nigh universal rule that the verdict of the jury will not be reviewed in the appellate court where the same has not been approved by the trial judge. It is wholly immaterial that the amount of the verdict was

approved by Judge Smartt, the trial judge. He should have set the verdict aside and left to the plaintiff his remedy of preserving his right to the judgment in a wayside bill of exceptions. This was the procedure in *Barnes v. Noel, supra,* and similar cases therein cited.

The importance of the requirement that the verdict in a law case must have the approval of the trial court is stressed by Judge DeWitt, quoting with approval the following excerpt from *Hamburger v. Illinois Central R. Co.,* 138 Tenn. 123, 196 S.W. 144, 146, as follows:

"'* * * The appellate court must know that the verdict of the jury has the approval of the judgment and conscience of the trial judge. 'The judgment upon the verdict is not an idle ceremony, but is intended to convey to this court the approval of the trial judge of the weight and credibility of the witnesses as fixed by the verdict of the jury.' "

The case of *Gray v. Kent, supra,* is not controlling here since it dealt with the right of the appellant to a review of a judgment obtained upon a former trial, and preserved in a wayside bill of exceptions. In that case the trial judge set the verdict aside because *of error in charging the jury.* In all cases wherein there has been more than one trial in the court below, and verdict set aside, the losing party is entitled to a review of the case on a wayside bill of exceptions and have that judgment affirmed even though such judgment has not been approved by the trial judge. This right is authorized by Section 27-108, T.C.A., which reads as follows:

"It shall be lawful for the appellant to assign for error that the judge in the court below improperly

granted or refused a new trial therein, and the appellate court shall have power to grant new trials, or to correct any errors in granting or refusing the same.''

''The intention of this act was to give the excepting party the benefit of the former trial without regard to the merits of the case as developed on a subsequent trial.'' *Merriman v. Coca Cola Bottling Co., supra* [17 Tenn. App. 433, 68 S.W.2d 157].

In *Queener v. Walker, supra* [189 Tenn. 268, 225 S.W. 2d 59], this Court had occasion to review the question now before us, i. e. the right to reinstate the judgment of the trial court, wherein the jury found in favor of the will, and which was later set aside and a judgment rendered in favor of the contestants. In our review of this question it was held that the statute conferring upon the Supreme Court the power to grant new trials, ''or to correct any errors of the circuit court in granting or refusing same'', is limited to cases wherein the losing party appeals and relies upon errors appearing in a wayside bill of exceptions. ''In all cases where a wayside bill of exceptions is brought up along with the record of the second trial, the judgment upon the first trial does not of course have the approval of the trial judge. In every such case the statute makes it the duty of the Supreme Court, as pointed out in *Barnes v. Noel, supra* [131 Tenn. 126, 174 S.W. 276], 'to grant new trials, or to correct any errors of the circuit court in granting or refusing same.' * * * In all other cases 'this court has no power to act until the circuit judge has acted.' *Telephone & Telegraph Co. v. Smithwick,* 112 Tenn. 463, 464, 470, 79 S.W. 803, 805.''

■ We think the right to reinstate a verdict on the theory of correcting errors, i. e. in granting or refusing a new trial applies to cases wherein the Court is reviewing the rights of the parties under a wayside bill of exceptions. Compare *Chesapeake, O. & S. W. R. Co. v. Higgins,* 85 Tenn. 620, 622, 4 S.W. 47; and *Jenkins v. Hankins,* 98 Tenn. 545, 41 S.W. 1028. In all other cases the verdict of the jury must have the approval of the trial court. "The verdict of the jury, without his approval, goes for naught upon appeal." *Hamburger v. Illinois Central R. Co., supra.*

For reasons stated in the foregoing opinion the judgment of the Court of Appeals reinstating the verdict of the jury is error and the case is remanded for a new trial. The costs of the appeal are equally divided between the petitioner for *certiorari* and the respondent.

TOMLINSON, BURNETT and SWEPSTON, JUSTICES, concur.

PREWITT, JUSTICE, dissents.