**NORA ALICE WRIGHT STEELE, Plaintiff-in-Error, v. JOSEPH E. (ALEXANDER) STEELE, Defendant-in-Error. —404 S.W.(2d) 564.**

Middle Section.   January 25, 1966.

Rehearing Denied February 25, 1966.

(1)

2

James W. Rutherford, Nashville, for plaintiff in error.

Carl R. Hardin, James C. Havron, Nashville, for defendant in error.

HUMPHREYS, J. Mrs. Steele sued her husband, Joseph E. (Alexander) Steele for separate maintenance. He responded by an amended and supplemental answer and cross-bill, seeking an absolute divorce on grounds of willful desertion without reasonable cause for more than two whole years. At the hearing, the cross-bill for an absolute divorce was sustained, and a decree was entered so adjudging, and making disposition of certain jointly owned property.

Mrs. Steele appealed asserting that the evidence preponderated against the decree for divorce, and that the court had erred by permitting this suit to proceed without the knowledge or consent of the defendant and cross-complainant.

This last proposition was predicated on the fact that the divorce decree was awarded without Joseph E. (Alexander) Steele appearing in court or testifying.

Although the record disclosed that Mr. Steele was quite old and very sick, and the trial judge accepted this as a satisfactory explanation of his failure to appear in court or to testify, this Court was of opinion that Mr. Steele's testimony should be in the record if that was possible. So, acting under authority of T.C.A. sec. 27-327, which provides that in equity cases the Court may retain the cause to take accounts or ascertain facts, or remand, at its discretion, for these purposes, we remanded the case for the taking of Mr. Steele's deposition and for the placing in evidence of the facts and circumstances relating to the alleged willful desertion of Joseph E. (Alexander) Steele by his wife, Mrs. Steele, both before and after a divorce proceeding between the parties in 1960.

The remand for this latter purpose was thought to be necessary, because on the trial, on objection of Mrs. Steele's counsel, and apparently with the consent of counsel for Mr. Steele, every allusion or reference or inquiry with respect to the relationship of these parties prior to 1960, relating in any way to their ultimate separation, was excluded. Because, in 1960 a divorce suit instituted by Mr. Steele against Mrs. Steele on grounds of cruel and inhuman treatment and desertion had been tried and dismissed. While this Court agreed that the 1960 decree dismissing Mr. Steele's suit was res judicata of the issues triable under the pleadings, and that the facts with respect to the relationship between the parties to that time could not be made the basis of a decree for divorce in this case, we were, and are, of opinion that certain of those facts were indispensable to an appreciation and understanding and proper evaluation of the admissible facts.

■ So, it was for this reason we remanded under T.C.A. sec. 27-327, which, as we construe it, authorizes this Court to remand for the ascertainment of collateral fact issues which may be necessary for the explanation of primary fact issues with respect to which there is sufficient evidence, if this evidence is explained and so made understandable.

On the remand the trial judge properly construed our intention, which we think is made manifest from both the authorizing statute and the language of the remand order, and limited the proceeding to the taking of proof for the two purposes mentioned in the remand, and did not undertake to readjudicate the case.

■ As indicated, we think this was proper as the remand was not with respect to any fact going to the sufficiency or insufficiency of the evidence in the record to sustain the trial judge's decree on appeal, but was with respect to collateral or secondary facts which were only required by this Court to explain or clarify the effect of the facts in the record on which the trial judge had acted. We agree that, if the remand had involved the taking of new evidence of primary jurisdictional facts (jurisdictional in the sense that the case would be reversible or dismissable here without those facts), then it would have been necessary for the trial judge to pass on the effect of these new facts. But, since this was not the case, and the remand was limited to a character of inquiry which would not require him to readjudge the facts, we think the statute has been properly applied according to its express provisions, and the necessary limitations on those provisions implicit from the nature of this Court and proceedings before it.

In construing this statute, we have borne in mind that it derives from the Acts of 1835-1836, Chapter 3, and was enacted by the first General Assembly to meet after the adoption of the new constitution of 1834, and so was a part of the legislative action of that body, which reorganized the Supreme and inferior courts, and enacted many statutes designed to improve and facilitate the administration of justice.

So far as we know, this case is the first case in which this statute has been applied, which explains the length to which we have gone in defining its limitations.

Moreover, no error has been assigned with respect to the refusal of the lower court to readjudicate the entire case, and so for this additional reason we must proceed on the assumption the appellant agrees with the construction this Court and the trial court have placed on the statute.

Passing to consideration of the case, we find that back in the Spring of 1957, the difficulties between Mr. and Mrs. Steele culminated in a brawling fight, during the course of which one of Mr. Steele's daughters came into the Steele home and found Mrs. Steele down, astride, Mr. Steele, who was lying on the floor under her, with Mrs. Steele striking him and screaming, and otherwise so conducting herself as to alarm the daughter and to cause her to go for help. Following this, a sanity warrant was sworn out against Mrs. Steele by this daughter. This proceeding culminated in a dismissal of the warrant.

The record indicates that from that time on Mrs. Steele absented herself from the home maintained by Mr. Steele and that if she came there at all, it was at infrequent and irregular intervals of very short duration.

After this had gone on for some while, in 1960, Mr. Steele sued for divorce alleging willful desertion and cruel and inhuman treatment.

This suit was tried, and dismissed.

■ Following this, Mr. Steele continued to maintain a place of residence and a home, where he was practically bedfast because of his health, and where he was looked after by one of his daughters and friendly and interested neighbors. However, from that time on, August 1960, the record indicates, and the trial judge so found, Mrs. Steele willfully absented herself from Mr. Steele under such circumstances as to amount to willful desertion and absence for more than two whole years without any reasonable or just cause or excuse.

Since the evidence does not preponderate against this finding of the trial judge, who had the benefit of seeing and hearing Mrs. Steele and so was in a better position to evaluate her quite weak protestations of affection for Mr. Steele and desire to make a home with him, we are constrained to and do overrule the assignment of error going to the weight of the evidence.

Here, we omit a portion of our opinion dealing with jointly owned property which contributes nothing to the objective of this publication.

The assignments of error are overruled and the decree of the Probate Court of Davidson County, Shelton Luton, Judge, is hereby affirmed.

We think it proper to state that the decree of the lower court is affirmed on the record of the trial on which that decree was entered. That the evidence on the remand has

been considered only in order to fully understand and evaluate that testimony.

Shriver and Puryear, JJ., concur.

## On Petition to Rehear

HUMPHREYS, J. Appellant, Nora Alice Wright Steele, has filed a petition to rehear based on two primary propositions: (1) That there is no evidence of the cause of the separation of the parties and (2) that the court erred in considering, initially, the evidence developed upon the remand because in so doing it was exercising original and not appellate jurisdiction.

Speaking with respect to the second objection first, which involves the question of the correctness of the court's interpretation of T.C.A. sec. 27-327, we point out that we went to much trouble, and to great detail, in attempting to construe the statute and explain our understanding of it and its application to this particular case. And, the petition to rehear presents no argument we did not consider in so doing.

The argument made is weakened to the point of virtual impotency by the concession in the petition that this Court acting under T.C.A. sec. 27-327 might have retained this cause in this Court and ascertained these same facts. If we could have done this, why couldn't we remand for this purpose? Additionally, as we pointed out in our opinion, the Court has the power to remand for a new hearing, such as the petition suggests, by other statutes clearly designed for this purpose. So, this statute is useless unless it is to be used as we suggest.

As we have stated, the statute means what we have said it means, or it means nothing. It should be borne in

mind that the constitutional limitation of the jurisdiction of the Supreme Court to the consideration of only appellate matters has no application to the Court of Appeals which is created by statute.

With respect to the last complaint that we erred in affirming the Probate Court's granting of an absolute divorce, ''because there was no evidence of the cause of the separation of the parties'', we point out that to the extent this is a new and different assignment of error from those filed within the time fixed by the rules of this Court, we cannot consider it. Treating it, however, as raising again the question whether the evidence preponderates against the Probate Judge's decree, we are still of the opinion this is not the case and that the decree should be affirmed. McBride v. McBride, 111 Tenn. 616, 69 S.W. 781; Lanier v. Lanier, 52 Tenn. 462; Bailey v. Bailey, 6 Tenn.App. 272; Green v. Green, 7 Tenn. Civ.App. 588.

There are two other things we should like to say with respect to the petition to rehear.

We doubt if it was necessary for the purposes of the petition to rehear to assume to tell this Court it affirmed the decree on the evidence placed in the record on the remand, in view of the explicit statement in our opinion to the contrary. This same result could have been reached by the simple assertion that the original evidence did not sustain the conclusion reached. And this is especially true since our opinion makes a distinction with respect to the explanatory nature of the evidence introduced into the record on the remand, which is not in any way discussed in the petition to rehear.

Finally, the petition concludes with a proposition, which we assume to be its prayer:

"Consequently, the case should now be remanded to the trial court to consider the part of the evidence taken on the remand which is competent and material, in the light of the pleadings and the history of the case, or the decree of this Court should be vacated and set aside and the judgment of the trial court reversed because there was no evidence on the issue of whether the absence of the wife was without reasonable cause, and the burden was on the husband on this issue."

It strikes us this prayer is for the most futile action. It would be pointless and useless, to remand this case in order that the Probate Judge, who held the first evidence warranted a divorce, might consider the evidence placed in the record on the remand since this evidence more clearly explains the Probate Judge was right in the first instance. This would be an exercise in a legalism not in the least related to the business of courts, the attainment of the right judgment, under law.

The Court is frank to admit this case has been quite troublesome. We remanded in the first instance primarily because Mr. Steele did not take the stand, and although we are unaware of any rule that makes this mandatory, we thought his testimony to be more or less indispensable in view of the nature of the suit, and that he should appear in behalf of his bill if this was possible. Especially did we think this since Mrs. Steele was asserting the suit was primarily that of one of the daughters.

And, we felt that as all of the preliminary and explanatory and conducive facts bearing on the relationship between Mr. and Mrs. Steele had been excluded on the first hearing, these should be placed in the record to lead to a better understanding and evaluation of the bald

statements to be found therein relied on by the trial judge as proving grounds for divorce.

We were aware that to some extent we were breaking new ground, and might be unnecessarily plowing up snakes (as petitioners seems to think is the case), however, we felt that in the interest of doing the right, we should do as we did. If we were in error about this, the Supreme Court will certainly straighten us out.

We cannot end this memorandum without observing that it rather clearly appears that Mrs. Steele is not now and has not been for several years the least bit interested in living with Mr. Steele and making a home for him. And that if there were no jointly owned property, all of which would pass to her on Mr. Steele's death if the divorce is not granted, she would not have lifted a finger in defense of the divorce action. That this is true is rather conclusively established by the proof that Mrs. Steele is a practical nurse with much professional experience, while Mr. Steele is a bedfast, sick, invalid, who is in need of the very kind of services Mrs. Steele could render. Yet, in spite of all this, it is practically undeniable that she has deserted Mr. Steele, abdicating these wifely duties to others. So, it is only natural that both the Probate Judge and this Court take a most jaundiced view of her rather technical efforts to hang on to the property which by her conduct in both law and fact, she has relinquished and forfeited her rights to.

We find no merit in the contention made in the reply to the answer to the petition to rehear that T.C.A. 27-330 when construed in pari materia with T.C.A. 27-327, requires a result different from that reached by the Court. T.C.A. 27-330 was enacted solely to declare what

would constitute the record in the appellate court, and not for the purpose of limiting or affecting T.C.A. 27-327.

Petition to rehear is denied.