MEMPHIS HOUSING AUTHORITY, Appellee, v.
TRI-STATE BROADCASTING SERVICE,
INC., et al., Appellants.*
—474 S.W.2d 912

Western Section. August 9, 1971.

---

\* No petition for writ of certiorari was filed with the Supreme court
in this lawsuit. This opinion was approved for publication by all nine
judges of the Court of Appeals.

William M. Walsh, Hanover, Walsh, Barnes & Jalenak, Memphis, for appellants.

Melvin Fleischer, Cochran, Carey, Fleischer & Mullikin, Memphis, for appellee.

MATHERNE, J. The Memphis Housing Authority brought eminent domain proceedings against Tri-State Broadcasting Service, Inc., to take for public use the whole of the defendant's property on which was located the defendant's radio broadcasting station.

The defendant landowner insisted that in addition to compensation for the property taken plus moving expenses, it was also entitled to compensation for expenses incurred in obtaining a Federal Communications Commission permit to operate a radio broadcasting station at a new location.

The Trial Judge instructed the jury to return special verdicts as to the amount the landowner was entitled for the property taken; the amount due as moving expenses, if any; and, the amount to which it was entitled as expenses incurred in obtaining an F.C.C. permit to operate a radio broadcasting station at the new location, if any. The jury so responded, and found the landowner entitled to $63,987.00 for the property taken; $875.00 for moving costs; and $5,200.00 as expenses incurred in obtaining an F.C.C. permit to operate a radio broadcasting station at the new location.

On motion for a new trial filed by the Housing Authority, the Trial Judge, after a review of the authorities,

concluded the expenses incurred by the landowner in obtaining an F.C.C. permit for the new location of the radio broadcasting station was not a compensable item under the eminent domain law of this State. The Trial Judge thereupon suggested a remittitur in the amount of $5,200.00, or in the alternative granted the condemner a new trial.

The landowner accepted the remittitur under protest, and appeals to this Court. The only issue to be resolved is whether the expenses incurred in obtaining an F.C.C. permit to operate a radio broadcasting station at the new location is a compensable item to be paid by the condemning authority.

We here note the Trial Judge did by Memorandum Opinion expressly approve the verdicts relating to the award for the property taken, and the award for moving costs, and expressly found sufficient evidence to support both verdicts, and the amounts thereof. The Trial Judge did not, however, approve or disapprove the verdict on the issue of the F.C.C. permit, neither as to the sufficiency of the evidence to justify such a verdict, nor as to the amount thereof.

We are immediately faced with the problem of not being able to do complete justice between the parties, even though the entire record is properly before the Court. Should we decide the Trial Judge erred in his ruling on the law, we could not reinstate the verdict, because the Trial Judge has not acted on the verdict sitting as the thirteenth juror, and, as such juror, approved the verdict. Cumberland Telephone & Telegraph Co. v. Smithwick et al. (1904) 112 Tenn. 463, 79 S.W. 803; Smith v. Tucker (1958) 203 Tenn. 305, 311 S.W. 2d 807.

In this State the trial judge sits as the thirteenth juror in all cases, criminal and civil. State ex rel. Richardson v. Kenner (1937) 172 Tenn. 34, 109 S.W.2d 95. A review of the authorities justifies this rule of law as being exceedingly wholesome, wherein the trial judge must, on motion for a new trial, pass upon the issues of guilt or innocence; liable or not liable; amount of verdict, excessive or inadequate. We do not purport to in any manner suggest a weakening of the foregoing rule of law, but strongly endorse the power in the trial judge to balance the scales of justice between the state and the accused; the plaintiff and the defendant; the amount found, or not found, as due. The trial judge as the thirteenth juror, must, *as such juror,* be satisfied with the verdict.

We have no problem where the trial judge, sitting as the thirteenth juror, rules on the verdict and, as such juror, approves or disapproves the verdict. The problem arises where, as here, the trial judge on motion for a new trial dismisses the lawsuit on a question of law, and does not state *as the thirteenth juror* his approval or disapproval of the verdict. When the case then comes to this Court on appeal, we must accept the verdict as not having the approval of the trial judge, sitting as the thirteenth juror. Our review is thus limited to the question of law presented, and under our present appellate procedure we remand for a new trial should we find the trial judge erred in his conclusion of law. Baggett v. Louisville & Nashville R. R. Co. (1962) 51 Tenn.App. 175, 365 S.W.2d 902, and the cases therein cited.

Our Supreme Court held the necessity for a remand for a new trial in situations now being considered is a

matter of procedure in this State. Queener v. Walker (1949) 189 Tenn. 268, 225 S.W.2d 57. It would appear the problem is to adopt a procedure in the Court of Appeals which will obtain the necessary action by the trial judge. With a ruling by the trial judge, sitting as the thirteenth juror, the litigants could be given a decision in those cases where the trial court erred on the question of law.

We are conscientiously disturbed with an appellate procedure which results in the expense of a new trial, if a just result can otherwise be achieved. We are even more disturbed when the prompt and just conclusion of this level of appellate review dictates a new trial should not be granted, but our procedure remands for that purpose. We are also cognizant of the increasing case load of our trial courts, and we accept the responsibility of not unnecessarily adding to that burden by needlessly remanding for a new trial.

■ We therefore hold that when it appears to this Court a jury verdict has been entered, and the trial judge, on motion for a new trial, dismisses the lawsuit on a ruling of law, this Court may, prior to deciding the issues on appeal, remand the entire record to the trial court with directions to the trial judge to enter a ruling either approving or disapproving the verdict, notwithstanding his ruling on the question of law. On this remand the trial judge will sit as the thirteenth juror, and, as such juror, will determine whether the evidence justifies the verdict as rendered, and the amount thereof. The trial judge may suggest such remittitur or additur as he deems just, and enter his ruling accordingly. The trial judge shall give counsel opportunity to be heard on the

matter, but no additional evidence will be admitted, nor will any other issue be considered. The entire record, including the ruling of the trial judge and any exception thereto, will thereupon be returned to this Court for disposition.

We hold the foregoing ruling is easily understood; simple in application; protective of the rights of litigants; and absolutely necessary to a prompt, effective and just conclusion of this level of appellate review. The ruling recognizes the necessity of action by the trial judge, sitting as the thirteenth juror, before this Court can properly exercise its appellate jurisdiction.

We further hold the remand as herein ordered is authorized by T.C.A. sec. 27-329, which provides:

"27-329. *Remand for correction of record.*—The court shall also, in all cases, where in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right. [Code 1858, sec. 3170; Shan. sec. 4905; Code 1932, sec. 9054]"

The foregoing statute was one of several statutes enacted after the adoption of the Constitution of 1834 to improve and facilitate the administration of justice. Steele v. Steele (1966) 56 Tenn.App. 1, 404 S.W.2d 564. See also Nolan v. Black (1875) 3 Shan.Cases 578, wherein a Justice of the Peace had not rendered a suffi-

ciently full judgment and the Supreme Court, under this Code Section (Shan. sec. 4905), remanded to the Circuit Court so the "real judgment" of the Justice of the Peace might be supplied and sent to the Supreme Court.

■ The legal effect of a remand under the above Code Section is not to dispose of the cause, nor to remove it from the docket of this Court; the cause remains on the docket of this Court, suspended until the order of remand is complied with. It is not necessary to perfect an appeal or writ of error to bring to this Court the ruling of the Trial Judge, and the exceptions thereto. Compare: Mynatt v. Hubbs (1867) 53 Tenn. 320. The Clerk of the Circuit Court will certify that ruling and the exceptions thereto, to this Court. Williams v. First Nat. Bank of Dickson, unreported opinion of the Court of Appeals, Middle Section, filed June 18, 1932. Either party dissatisfied with the ruling by the Trial Court on remand may make exception thereto, and assign error in this Court.

■ We make no distinction where, on motion for a new trial, the trial judge sustains a motion for a directed verdict on the one hand, and suggests a remittitur of the entire verdict on the other. Where, as here, the action of the trial judge clearly reflects the decision was made on a question of law, we conclude the trial judge did not act on the verdict as the thirteenth juror. To hold otherwise would be to pile technicality upon technicality, and entirely overlook the true issue of the failure of the trial judge to act as such juror.

An order will be entered remanding this cause to the Circuit Court of Shelby County, Tennessee, for action by

the Trial Judge as herein set out, and a prompt return of the record to this Court. The cost of the procedure herein ordered will be taxed as a part of the costs in this cause.

Carney, P.J., and Nearn, J., concur.