THE STATE *v.* LOGAN PERRY.

1. CRIMINAL LAW. *New trial. Appeal from order granting.* The Act of March 24, 1875, allowing either party to except to the action of the Circuit Court in granting or refusing a new trial, does not provide for an appeal before final judgment. An appeal, therefore, from the action of a Criminal Judge granting a new trial to a defendant convicted of a felony is dismissed by the Court as not being authorized by the Act.

2. SAME. *Same. Same. Question reserved.* The Court reserve the question as to whether the Act is applicable to criminal cases at all, its determination not being required.

---

FROM RUTHERFORD.

---

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

Attorney-General HEISKELL for the State.

No brief appears for defendant.

McFARLAND, J., delivered the opinion of the Court.

The defendant was tried and convicted of murder in the second degree, and upon his application the Judge of the Criminal Court granted a new trial. The Attorney-General took a bill of exceptions, showing the grounds upon which the Court acted, and prayed an appeal to this Court, which was granted. This was supposed to be authorized by an Act of the General Assembly, passed and approved March 24th, 1875. It

State *v.* Perry.

is as follows: "That where a motion for a new trial is granted or refused, either party may except to the decision of the Court, and may reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case, and also the decision of the Court on said motion, and it shall be the duty of the Judge before whom such motion is made to allow and sign the same, and such bill of exceptions shall be a part of the record in the case, and it shall be lawful for the appellant in such case to assign for error that the Judge in the Court below improperly granted or refused a new trial therein, and the Supreme Court shall have power to grant new trials, or to correct any error of the Circuit Court in granting or refusing the same."

We do not deem it proper to undertake at present a construction of this Statute, further than to say that it does not authorize the present appeal. Whether applicable to criminal cases at all or not we do not now determine. While the Act seems to contemplate a review in this Court of the action of a Circuit Court in granting a new trial, when the cause shall come before this Court for review, yet it does not provide for an appeal before final judgment, and we certainly could not adopt a construction involving a change so radical in its character in the absence of direct legislation to that effect.

Let the appeal be dismissed, and the cause remanded to be proceeded with.