LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* KATE CONLEY.

APPEAL. *From order granting new trial.* A bill of exceptions should be taken to the order granting a new trial under the act of 1878, ch. 106, but a prayer for appeal at that time will not bring up the case after final judgment. The appeal should be prayed for and granted after final judgment.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. F. T. REID, J.

SMITH & ALLISON for Railroad.

BATE & WILLIAMS for Conley.

DEADERICK, C. J., delivered the opinion of the court.

This is an action instituted by defendant in error to recover damages against plaintiff in error for kill-

ing James Conley, her husband, by negligently run-
ning its engine over him.

At May term, 1878, of the Circuit Court of Da-
vidson county, plaintiff below obtained a verdict for
$6,000. Thereupon defendant entered a motion for a
new trial, which, upon argument, was allowed, and the
verdict set aside.

Plaintiff then tendered a bill of exceptions setting
out the evidence in the cause and the charge of the
court, which was signed by the judge, and ordered to
be made a part of the record, and reciting: "The
plaintiff may give bond for prosecution of appeal or
take the oath prescribed for poor persons, which is
done." In point of fact, however, although an appeal
was prayed, no bond was given, or pauper's oath
taken, as of that date.

The record shows that the defendant's counsel moved
for a new trial upon the ground that the verdict was
contrary to the evidence, and that the court sustained
the motion and granted the defendant a new trial,
to which action the plaintiff excepted, and insisted
there was no error in the verdict, nor in the charge
of the court. And from the action of the court in
granting a new trial, he plaintiff prayed an appeal
to the Supreme Court, which was granted, and the
bill of exceptions was signed and made part of the
record under act of Assembly approved March 24,
1876, ch. '106. This bill of exceptions was signed
July 12, 1878. Immediately after the bill of excep-
tions there appears in the record an affidavit of plain-
tiff, that she is unable, owing to her poverty, to bear

Railroad *v.* Conley.

the expenses of the appeal prayed in this cause, at last term of the court (May term, 1878), and that she believes she is entitled to the redress sought by the filing of her bill of exceptions, and prayer for appeal. This oath is dated and sworn to before the clerk of the court, and filed by him December 21, 1878.

The cause was again tried at September term, 1878, of said court, and verdict and judgment were again rendered in favor of the plaintiff, and her damages assessed at $4,000. The verdict and judgment were rendered on the 6th of December, 1878, and the court refusing to grant a new trial, defendants appealed in error to this court, its appeal bond bearing date 20th of December, 1878, at which time defendant's bill of exceptions was signed and made part of the record.

The statute under which the first bill of exceptions was signed and made part of the record, authorizes the appellant only, to assign as error, in this court that the new trial was granted or refused.

It has been held, in two reported cases by this court, that no appeal lies from the judgment granting a new trial, but only from final judgments: 4 Baxt., 438; 8 Baxt., 382.

From the holding in the cases in 4 and 8 Baxt., above cited, and also from the language of the act of 1875, we are of opinion that it was the intention of that act to give the appeal after the final judgment to the party seeking to have the error of the court, in granting a new trial, reversed.

It will be observed that the prayer for appeal by plaintiff, was entered before final judgment, and is ex-

pressly limited to the order granting the new trial. And the oath in *forma pauperis*, although taken after the final judgment shows, upon its face that it is given to perfect the appeal prayed before final judgment.

No appeal has been prayed by or granted to plaintiff below after final judgment. The appeal prayed and granted before final judgment being ineffectual to bring up for revision the alleged error in granting the new trial, and no appeal being taking after final judgment, the error assigned by plaintiff below is not before us in such form as to authorize us to review the action of the circuit judge.

As to the last or final judgment, plaintiff in error insists it should be reversed for errors in the charge of the court.

In giving instructions as to the measure of damages, the court told the jury that they might estimate what the life of the deceased was worth to his widow and children in a pecuniary sense, and might also consider the loss of his assistance in maintaining the family, educating and taking care of the children, and allow such sum in their verdict.

This charge is erroneous, as we held in two cases at the present term. See also 8 Lea, 96; 9 Lea, 470.

It is ingeniously argued that the error upon the facts in this case, could not have increased the damages. It is sufficient to say, that the jury were instructed that they might allow damages for injuries to others than the deceased himself, and that the error is material, and the judgment must be reversed.