BARNES *v.* NOEL.

(*Nashville.* December Term, 1914.)

1. **APPEAL AND ERROR.** Presentation of grounds of review in court below.

The direction of a verdict must be challenged by a motion for a new trial to be reviewed on appeal. (*Post, pp.* 129-133.)

Acts cited and construed: Acts 1875, ch. 106.

Code cited and construed: Secs. 4689, 4851 (S.).

Cases cited and approved: Seymour v. Railroad, 117 Tenn., 98; Railroad v. Johnson, 114 Tenn., 632; King v. Cox, 126 Tenn., 553; Jenkins v. Hankins, 98 Tenn., 545; King v. Miller, 67 Tenn., 382.

2. **APPEAL AND ERROR.** Presentation below. Motion for new trial.

Errors, which can be made to appear by bill of exceptions only, must be presented to the trial court on motion for new trial, before relief can be had on appeal. (*Post, pp.* 129-133.)

3. **NEW TRIAL.** Motion. Nature.

A motion for new trial is not alone to secure another hearing, but to present errors complained of for correction, if possible; hence, if the trial court erred in directing a verdict, he should set it aside, or, if he erred in refusing to direct verdict, he should on motion for new trial make the appropriate direction. (*Post, pp.* 129-133.)

4. **TRIAL.** Motion for new trial.

A motion for a peremptory instruction is not a waiver of other objections, nor is reliance on other matters in the motion for new trial a waiver of the motion for peremptory instruction. (*Post, pp.* 129-133.)

5. **DISMISSAL AND NONSUIT.** Right to dismiss.

Shannon's Code, sec. 4689, permitting plaintiff to dismiss at any time before the jury retires, does not enlarge his common-law

Barnes v. Noel.

right, and plaintiff cannot terminate his suit at will where by so doing he might prejudice the right of defendant. (*Post, p.* 129-133.)

6. **APPEAL AND ERROR.   Matters reviewable.**

Shannon's Code, secs. 4851, 4852, provide that, where a motion for new trial is granted or refused, either party may except to the decision and reduce to writing the reasons for the new trial together with the substance of the evidence in the case, etc., and the appellant may assign for error that the judge in the court below improperly granted or refused a new trial, and the supreme court may grant new trials to correct any errors of the circuit court in granting or refusing the same. Defendant's motion for peremptory instruction was overruled, and in his motion for new trial he assigned that error, as well as others.   Defendant was granted a new trial, and took a wayside bill of exceptions to the refusal of the court to peremptorily instruct in his favor. *Held* that, as the purpose of the statute was to give the party excepting the benefit of the former trial without regard to the merits of the case as determined on a subsequent trial, defendant might, on review of the judgment rendered on the second trial, procure review of the denial of his motion for directed verdict. (*Post, pp.* 129-133.)

7. **DISMISSAL AND NONSUIT.   Right to dismiss.**

Where defendant's motion for a peremptory instruction was denied and he was subsequently granted a new trial, it is proper for the court on the second trial to refuse to allow plaintiff to dismiss, as that would deprive defendant of any advantage from the former trial. (*Post, p.* 134.)

Cases cited and approved:   Croft v. Johnson, 67 Tenn., 390; Fisher v. Stovall, 85 Tenn., 316; Boone & Harrison v. Bush, 91 Tenn., 29.

8. **APPEAL AND ERROR.   Review.**

Where a wayside bill of exceptions was reserved to the action of the lower court on motion for new trial which was granted, the supreme court upon appeal from a subsequent judgment will first review the exceptions to the motion. (*Post, p.* 134.)

Cases cited and approved:   Railroad v. Higgins, 85 Tenn., 620;
Railroad v. Scott, 87 Tenn., 495.

9. **APPEAL AND ERROR.   Jurisdiction.   Stipulation.**

Appellate jurisdiction cannot be conferred by stipulations.   (*Post*,
*pp*. 134, 135.)

Cases cited and approved:   State v. Perry, 63 Tenn., 438; Jenkins
v. Hankins, 98 Tenn., 545; Railroad v. Conley, 78 Tenn., 531;
State v. Willis, 170 S. W., 1030; Jones v. Ducktown, etc., Co.,
109 Tenn., 375; Gallena v. Sudheimer, et al., 56 Tenn., 189.

10. **APPEAL AND ERROR.   Review.**

Where defendant's motion for peremptory instruction was denied,
but after verdict for plaintiff a new trial was granted, defend-
ant cannot on plaintiff's appeal from an adverse judgment on
the second trial obtain a review of the denial of his motion
for peremptory instruction, unless he appealed in error or filed
his wayside bill of exceptions for a writ of error after final
judgment below.   (*Post, pp.* 134, 135.)

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.
—G. N. TILLMAN, Judge.

J. B. DANIEL and PAUL W. HOGGINS, for appellant.

BRADLEY WALKER and A. W. AKERS, for appellee.

MR. JUSTICE GREEN delivered the opinion of the
Court.

This suit was brought by James A. Barnes, a minor,
through his next friend, to recover damages from the

Barnes v. Noel.

defendant Noel for injuries sustained by plaintiff below on Noel's premises. At the time of the injury, young Barnes was a small boy and was hurt by a mowing machine operated by an employee of Noel on the latter's place.

Upon the first trial of the case in the first circuit court of Davidson county, defendant below made a motion for peremptory instructions, which was overruled, and, on the case being submitted to the jury, they returned a verdict in favor of plaintiff. A motion for a new trial was made in behalf of Noel, and the failure of the circuit judge to grant peremptory instructions was set out in said motion, along with other grounds, and upon certain of these other grounds a new trial was awarded. The defendant Noel took a wayside bill of exceptions.

Later the case came on for hearing in the third circuit court of Davidson county, when the plaintiff below attempted to take a nonsuit. Plaintiff's motion for a nonsuit was resisted by the defendant and the motion was overruled by the trial judge. The case was again tried, submitted to the jury, and a verdict in favor of defendant was returned on this trial. Plaintiff below made a motion for a new trial which was overruled, and plaintiff appealed in error to the court of civil appeals, where the judgment below was affirmed.

The first question that arises is on the action of the circuit judge in refusing to allow plaintiff below to have a nonsuit when the case was called for trial in the

third circuit court. The nonsuit was opposed by the defendant· below on the theory that he was entitled to have the benefit of the first trial—having preserved a wayside bill of exceptions—and was entitled to have the refusal of the court to direct a verdict in his favor on the earlier trial reviewed and passed upon by the appellate courts. This presents a question of first impression in Tennessee.

The rule in Tennessee is that the action of the trial judge in directing a verdict must be challenged in the lower court on a motion for a new trial before such action can be reviewed here. *Seymour* v. *Railroad,* 117 Tenn., 98, 98 S. W., 174.

Errors occurring on the trial of a case which can be made to appear by bill of exceptions only must be presented to the consideration of the court below on motion for new trial before any relief on account of such matters can be had in this court. *Railroad* v. *Johnson,* 114 Tenn., 632, 88 S. W., 169.

The propriety of a peremptory instruction given or the refusal of such an instruction can only be determined by an examination of the evidence preserved in a bill of exceptions.

If on motion for a new trial the circuit judge concludes he erred in directing a verdict, it is his duty to set that verdict aside and award another hearing of the case. If on motion for a new trial he concludes he erred in not directing a verdict, under our practice, it would be his duty to enter an order correcting the

Barnes v. Noel.

verdict rendered to conform to the undisputed evidence.

The office of a motion for a new trial is not alone to secure another hearing, but to present the errors complained of for correction, if possible, without another hearing. 14 Enc. Pl. & Pr., 846; 2 Elliott on General Pr., section 987, cited and approved in *Railroad* v. *Johnson,* 114 Tenn., 632, 88 S. W., 169.

So it is permissible in the motion for a new trial for the losing party to question the action of the court in refusing him peremptory instructions. This is an error that can be remedied by correcting the verdict as before pointed out. At the same time the attention of the court may be called to other errors, such as errors in the charge or in the admission or exclusion of evidence, which errors cannot ordinarily be corrected, but which entitle the party to another hearing.

A motion for peremptory instructions is not a waiver of other objections (*King* v. *Cox,* 126 Tenn., 553, 151 S. W., 58), nor should reliance on other matters in the motion for a new trial be held a waiver of the motion for peremptory instructions. The settled policy in this State is to give the unsuccessful party below the right to have a review on appeal of every question properly made and preserved by him.

Chapter 106 of the Acts of 1875, carried into Shannon's Code at sections 4851 and 4852, provides:

"Where a motion for a new trial shall be granted or refused, either party may except to the decision of the court and may reduce to writing the reasons . . .

for said new trial, together with the substance of the evidence in the case, and also the decision of the court on said motion; and it·shall be the duty of the judge, before whom such motion is made, to allow and sign the same; and such bill of exceptions shall be a part of the record in the case,'' and ''it shall be lawful for the appellant in such case to assign for error that the judge in the court below improperly granted or refused a new trial therein, and the supreme court shall have power to grant new trials, or to correct any errors of the circuit court in granting or refusing same.''

The foregoing statute as to wayside bills of exceptions has been construed many times by this court. See *Jenkins* v. *Hankins,* 98 Tenn., 545, 41 S. W., 1028, and cases there cited.

It will be observed that on a wayside bill of exceptions this court is empowered ''to grant new trials or correct any errors of the circuit·court in granting or refusing same.''

If the circuit judge orders a new hearing when the party moving for a new trial should have had a directed verdict, and is so insisting on the motion for a new trial, such action is one of those ''errors of the circuit court in granting'' a new trial which the statute authorizes this court to correct. Such error will be corrected, under such circumstances, when the matter is properly brought before this court.

Returning now to the case before us, when it was called for the second trial in the third circuit court, the defendant below had properly preserved his right to a

---

Barnes v. Noel.

---

review of the action of the first circuit court in refus-
ing to direct a verdict in his favor on the first trial.
This was a substantial right secured to him by our
statute, and we do not think he should have been de-
prived of this right by a nonsuit.

Shannon's Code, section 4689, permitting plaintiff
to dismiss at any time before the jury retires, is no
enlargement of plaintiff's common-law right. Steph-
ens on Pleading, marg. p. 109. It is well settled under
the common law that a plaintiff cannot terminate his
suit at will, where by so doing he might prejudice the
defendant's rights or deprive the defendant of some
substantive right concerning his defense not avail-
able in a second suit, or which right would be endan-
gered by a dismissal. 6 Enc. Pl. & Pr., 843; 14 Cyc.,
406, 407.

The intention of chapter 106 of the Acts of 1875,
providing for a wayside bill of exceptions, was to give
the excepting party the benefit of the former trial
without regard to the merits of the case as developed
on a subsequent trial. *King* v. *Miller,* 8 Baxt., 382;
*Jenkins* v. *Hankins,* 98 Tenn., 545, 41 S. W., 1028.

If the plaintiff below had been allowed to dismiss his
suit, the defendant would have entirely lost the benefit
of his motion for a directed verdict on the first trial.
His wayside bill of exceptions would not have been
available on appeal in a second and different suit,
brought perhaps in another form, for such wayside
bill of exceptions would have been no part of the record
in the latter suit.

This court has frequently refused to allow the dismissal of a suit by a plaintiff or complainant when such a dismissal would work to the prejudice of the defendant. *Croft* v. *Johnson,* 8 Baxt., 390; *Fisher* v. *Stovall,* 85 Tenn., 316, 2 S. W., 567; *Boone & Harrison* v. *Bush,* 91 Tenn., 29, 17 S. W., 792.

We think the action of the trial judge in denying a nonsuit to the plaintiff below was correct. In principle, such action was well sustained by authority, and was a proper application of accepted rules of practice to rights arising under chapter 106 of the Acts of 1875.

The case then would stand for review in this court upon both trials if the defendant had brought it up. Consideration of the first trial would be the first question for this court. *Railroad* v. *Higgins,* 85 Tenn., 620, 4 S. W., 47; *Railroad* v. *Scott,* 87 Tenn., 495, 11 S. W., 317.

The defendant should have appealed in error or filed this record for writ of error after the final judgment below. *State* v. *Perry,* 4 Baxt., 438; *Jenkins* v. *Hankins,* 98 Tenn., 545, 41 S. W., 1028; *Railroad* v. *Conley,* 10 Lea, 531. He, however, has done neither of these things, but has attempted to assign errors upon his wayside bill of exceptions on the faith of a stipulation to this end between counsel for both parties.

In a case coming from a court of law, no error can be corrected here except those committed against the party prosecuting the appeal in error or writ of error. *State* v. *Willis,* 170 S. W., 1030; *Jones* v. *Ducktown,*

*etc., Co.*, 109 Tenn., 375, 383, 71 S. W., 281; *Gallena* v. *Sudheimer et al.*, 9 Heisk., 189, 192.

The stipulation is without effect. Jurisdiction cannot be conferred by consent of parties, and this maxim applies as well to appellate jurisdiction as to original jurisdiction.

The defendant below having failed to bring up his question upon the first trial in such a way that we can consider it, we come to the second trial in which there was a verdict for defendant.

Numerous errors are assigned upon the charge. While some of this criticism is just, we do not think the result could have been different under an impeccable charge. Plaintiff's proof was shadowy. He could offer no eyewitness of the accident, and the inferences drawn from the testimony of the witnesses he did introduce are largely conjectural.

We do not feel disposed to undertake any extended discussion of the evidence, since plaintiff in error has almost wholly ignored the rule of this court requiring bills of exceptions to be reduced to narrative form.

We are of opinion that the merits of the case have been reached, and the judgment of the lower courts is affirmed.