H. T. Brackin *et ux. v.* M. C. McGannon.

(*Nashville.* December Term, 1916.)

1. **DISMISSAL AND NONSUIT.** "Retiring of jury." Time. Statute.

Under Shannon's Code, section 4689, providing that plaintiff may at any time before the jury retires take a nonsuit, a jury has not retired until case has been submitted for consideration and verdict. (*Post, pp.* 206, 207.)

Cases cited and approved: Railroad v. Sansom, 113 Tenn., 683; Dodd v. Railroad, 120 Tenn., 440; Littlejohn v. Fowler, 45 Tenn., 284; Hardware Co. v. Hodges, 126 Tenn., 370; King v. Cox, 126 Tenn., 553.

Code cited and construed: Secs. 4689-2691(S.).

2. **TRIAL.** Peremptory instructions by both parties. Operation.

A motion for peremptory instructions, even where made by both parties, does not operate to withdraw case from jury. (*Post, pp.* 206, 207.)

3. **DISMISSAL AND NONSUIT.** Right to nonsuit after motion for directed verdict.

Under Shannon's Code, section 4689, providing that plaintiff may at any time before jury retires take a nonsuit, plaintiff is entitled to a nonsuit as a matter of right before court's decision on a pending motion for a directed verdict. (*Post, pp.* 207-209.)

Cases cited and approved: Barnes v. Noel, 131 Tenn., 126; Sprankel v. Meyernick (Civ. App.), 4 Hig., 515.

---

FROM DAVIDSON·

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —A. G. Rutherford, Judge.

W. H. Washington, Pitts & McConnico and Thos. M. Andrews, for plaintiffs.

W. L. Granbery and J. M. Anderson, for defendant.

Mr. Special Justice Clark delivered the opinion of the Court.

This is a suit for damages brought by the plaintiffs, H. T. Brackin and wife, against the defendant, Dr. M. C. McGannon, for alleged malpractice. After the introduction of all of the evidence the defendant moved the court to direct the jury to return a verdict for the defendant. This motion was argued before the court at some length, whereupon the court suggested that he was of the opinion that the motion would have to be sustained, but adjourned court until another day of the term in order to give counsel an opportunity to examine authorities and to further consider the motion. Upon the reconvening of court, and before the court had acted on the motion of defendant, the plaintiffs moved the court to permit them to take a nonsuit. The motion of plaintiffs was resisted by defendant. After hearing argument on the motion for a nonsuit, the trial court was of the opinion the latter motion came too late, and it was overruled, and defendant's motion for a directed verdict was granted, and judgment entered accordingly. The plaintiffs moved for a new trial, which motion being overruled, they appealed to the court

of civil appeals, and in that court assigned as error the action of the trial court in overruling their motion for a nonsuit, and also the action of the trial court in sustaining defendant's motion for a directed verdict. The court of civil appeals was of the opinion that the trial court should have granted plaintiffs' motion for a nonsuit, and the motion was granted in that court; but, being of the opinion that the granting of the motion for a nonsuit made it unnecessary to pass on the assignment of error going to the action of the trial court in granting the motion for peremptory instructions, that court declined to pass on that assignment of error.

Both parties filed petitions for writs of *certiorari* to the court of civil appeals, which were heretofore granted and the cause has been ably argued at the bar of this court. For the plaintiffs it is insisted that the court of civil appeals was in error in not passing on the assignment of error going to the action of the trial court in granting defendant's motion for a directed verdict and in not reversing the judgment of the trial court in that respect. The defendant assigns as error the action of the court of civil appeals in sustaining plaintiffs' motion for a nonsuit.

The provisions of Shannon's Code, sections 4689 to 4691, inclusive, are as follows:

"4689. The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant
137 Tenn.—14

has pleaded a set-off or counter-claim, he may elect to proceed on such counterclaim in the capacity of a plaintiff.''

"4690. The defendant may, in like manner, withdraw his counterclaim at any time before the jury retires to consider of their verdict.''

'4691. If the trial is by the court instead of the jury, the nonsuit or dismissal provided for in the last two sections shall be made before the cause is finally submitted to the court, and not afterwards.''

It will be observed that section 4689, supra, provides that plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action. This statute was construed in the case of *Railroad* v. *Sansom,* 113 Tenn., 683, 84 S. W., 615, and it was there held that by the retiring of the jury is meant the point of time when the case is submitted to them "to consider of their verdict.'' See also *Dodd* v. *Railroad,* 120 Tenn., 440, 110 S. W., 588; *Littlejohn* v. *Fowler,* 5 Cold., 284. It is also settled by the decisions of this court that a motion for peremptory instructions, even where made by both parties to the suit, does not operate to withdraw the case from the jury. Such a motion simply has the effect of calling upon the trial judge to determine whether there is any substantial conflict in the evidence, and, if he decides there is no substantial conflict, he then directs the jury to return a verdict in accordance with the law as applied to the undisputed facts. If the trial judge should be of the opinion there is substantial

conflict in the evidence, the motion is overruled, and the case goes to the jury to be decided by it on the evidence under the charge of the court. *Hardware Co.* v. *Hodges,* 126 Tenn., 370, 149 S. W., 1056; *King* v. *Cox,* 126 Tenn., 553, 151 S. W., 58.

But it is insisted by defendant that the rule permitting the plaintiff to take a nonsuit simply by the making of a motion for same before the jury retires to consider of its verdict has been changed, and that the rule now is that plaintiff is not entitled to have his motion for a nonsuit granted, after a motion by defendant for a directed verdict, unless the plaintiff can show good cause for asking a nonsuit, and the case of *Barnes* v. *Noel,* 131 Tenn., 126, 174 S. W., 276, is relied on as supporting this proposition. This insistence of defendant is not supported by the authority relied on. In the case of *Barnes* v. *Noel,* supra, there were two trials of the case before it reached the appellate court. Upon the first trial the defendant made a motion for peremptory instructions, which was overruled, the case submitted to the jury, and a verdict returned in favor of plaintiff. Defendant made a motion for a new trial setting out the action of the trial judge in overruling his motion for a directed verdict as one of the grounds for same. A new trial was granted, but defendant's motion for a directed verdict was not sustained. The defendant took a wayside bill of exceptions. On the second trial the plaintiff attempted to take a nonsuit, which was resisted by defendant on the ground that the

effect of same, if granted, would be to deprive him of his rights preserved by his wayside bill of exceptions taken at the former trial. The trial court declined to permit plaintiff to take a nonsuit, the case was tried, and there was a verdict for defendant. The plaintiff appealed, and assigned as error the action of the trial court in overruling his motion for a nonsuit. What this court held was that the right of defendant to have tested by the appellate court the judgment of the trial court in overruling his motion for a directed verdict on the first trial, and which had been preserved by a wayside bill of exceptions, was a substantial right that the court would not permit plaintiff to defeat by taking a nonsuit over the objections of defendant. *Barnes* v. *Noel,* supra. It has never been held by this court that plaintiff must show some good ground or sufficient reason for a nonsuit before being entitled to same. There is a wide difference between requiring plaintiff to show good cause in support of his motion for a nonsuit, and in denying his motion where it appears that the granting of it would prejudice the rights of the defendant by depriving him, of some right that he has become vested with during the pendency of the case, and which right he could not avail himself of in another suit growing out of the same matter.

The right to take a nonsuit is a right given by statute to plaintiff, and is such a right, when duly exercised, as cannot be taken from him by the defendant by the making of a motion for a directed verdict. *Sprankle* v. *Meyernick* (Civ. App.), 4 Hig.,

It results that there is no error in the judgment of the court of civil appeals, and the judgment of that court is affirmed.

We do not deem it necessary or proper to pass on the assignment of error of plaintiffs going to the action of the court of civil appeals in refusing to con-sider the question of the action of the trial judge in granting defendant's motion for a directed ver-dict. The effect of the judgment rendered in this court, without passing on the facts of the case, is to nullify the judgment of the trial court on the mo-tion for a directed verdict, so that judgment will not stand in the way if another suit should be brought. The cost of the trial court and the cost of the appeal will be paid as adjudged by the court of civil ap-peals. Each party will pay the cost of his petition to this court.