Robert PANZER, Administrator of the Estate of Alyssa M. Panzer, Plaintiff–Appellee,

v.

C. Bryan KING, Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

Jan. 11, 1988.

---

Hugh P. Garner, Chattanooga, William G. McPheeters, Dayton, for plaintiff-appellee.

John Ben Pectol, Dayton, Samuel R. Anderson, Shane Usary, Luther, Anderson, Cleary, Ruth & Speed, P.C., Chattanooga, for defendant-appellant.

## OPINION

FONES, Justice.

This case involves the question of the right of plaintiff to take a voluntary non-suit after the entry of the trial court's order setting aside the jury verdict and granting plaintiff a new trial, where defendant insisted that a non-suit was improper because it deprived him of his vested right to appellate review of the propriety of the action of the trial court in granting plaintiff a new trial.

Plaintiff, Robert Panzer, sued for the wrongful death of his twenty-year-old daughter, who was killed while riding as a passenger in defendant's vehicle. The jury returned a verdict for $15,200.09. Plaintiff filed a motion for an additur, or in the alternative, the grant of a new trial. The ground alleged for the additur was that the verdict was so inadequate as to evince passion, prejudice and unaccountable caprice. The new trial was sought on allegations that a number of jurors had made an unauthorized visit to the scene of the accident during the lunch hour on the last day of the trial and that they conducted "their own tests" in order to determine the accuracy of the roadway, apex of the curve, depth of the adjoining ditch beside the roadway, the number of trees which had been struck, the incline of the terrain, etc. It was alleged that the information thus obtained was transmitted to the other jurors who were influenced by those findings, independent of the evidence adduced at the trial. Additional misconduct was asserted with regard to factual statements and speculation by the jurors with respect to whether defendant had liability insurance and the amount thereof.

At the hearing on plaintiff's motion for a new trial, six jurors testified. The trial judge wrote a short memorandum opinion wherein he expressed concern about the adequacy of the verdict, the misconduct of the jury in visiting the scene of the accident and in discussing whether defendant had insurance and the amount thereof. The opinion, which was incorporated into the decree granting a new trial, concluded as follows:

The court is uncertain what its disposition would be if only any one of the above were present but the combined effect requires the court to set aside the verdict.

After entry of the trial court's decree granting plaintiff a new trial, plaintiff submitted a written motion to the trial court for leave to take a voluntary non-suit, with-

out prejudice, in accord with T.R.C.P. 41.01 and the court entered an order granting that motion.

Defendant filed a (1) notice of appeal from the order of non-suit; (2) notice of filing of transcript of the proceedings upon plaintiff's motion for a new trial; (3) a designation of the record on appeal pursuant to T.R.A.P. 24(b); and (4) a statement of the issue presented for appeal which statement was as follows:

> Whether the trial court erred in permitting the plaintiff to take a non-suit without notice to the defendant, thereby depriving the defendant of his vested right to appellate review of the trial court's order dated December 21, 1985, granting the plaintiff a new trial.

In the Court of Appeals and in this Court, defendant relied upon *Anderson v. Smith*, 521 S.W.2d 787 (Tenn.1975), *Brackin v. McGannon*, 137 Tenn. 207, 192 S.W. 922 (1916) and *Barnes v. Noel*, 131 Tenn. 126, 174 S.W. 276 (1914) for the principle that a plaintiff's right to take a non-suit is subject to the restriction that it will not deprive defendant of a right that became vested during the pendency of the case. The only one of those three cases mentioned in the Court of Appeals' opinion was *Anderson v. Smith, supra*, a condemnation case. In that case, the landowner resisted the condemnor's attempt to non-suit the case, not on the basis of any right to appellate review of an issue vested in him during the case, but because of the advanced stage reached in the progress of the case, to-wit: nine months following the withdrawal of the condemnor's deposit of estimated damages and entry of an order of possession. The Court of Appeals, in the case at bar, concluded that *Anderson* was not authority for the position asserted by defendant and that defendant had no vested right which would preclude plaintiff from taking a non-suit. While *Anderson* clearly did not involve the same issue asserted by defendant here, nevertheless the principle that a plaintiff's right to take a non-suit must not deprive defendant of a right that vested during the pendency of the case, was restated therein, as background for consideration of the issue presented in the condemnation case.

We are of the opinion that the Court of Appeals was in error in so concluding and that the defendant has a vested right of appellate review of the action of the trial judge in granting plaintiff a new trial.

The rule relied upon by defendant was promulgated in *Barnes v. Noel, supra*. Barnes was injured by a mowing machine operated by an employee of Noel. At the conclusion of evidence in the first trial, defendant Noel moved for a directed verdict which was overruled and the jury returned a verdict in favor of plaintiff Barnes. Defendant moved for a new trial and along with other grounds, asserted error in denying him a directed verdict. A new trial was awarded on certain of the grounds, other than failure to grant defendant a directed verdict, which ground was overruled. When the second trial came on to be heard, plaintiff attempted to take a non-suit, defendant objected and the trial judge denied plaintiff the right to non-suit. The second trial resulted in a verdict for defendant. Plaintiff moved for a new trial which was overruled.

On plaintiff's appeal, the Supreme Court noted that it was both necessary and permissible for the losing party to include in a motion for a new trial the refusal of the trial court to grant a directed verdict and that reliance on other matters in the motion for a new trial did not waive reliance on the motion for a directed verdict. In those instances where the motion for new trial was granted on other grounds, attention was called to the method of preserving the right to appellate review that prevailed at that time, which was granted by chapter 106, Acts of 1875. That Act provided, *inter alia*, that the motion, the court's ruling thereon and the substance of the evidence should be embodied in a Wayside Bill of Exceptions and signed by the trial judge, whereupon the appellant could assign as error that the trial judge had improperly granted or refused a new trial, "and the Supreme Court shall have power to grant new trials, or to correct any errors of the circuit court in granting or refusing same."

The *Barnes* court cited prior cases with approval to the effect that the intent of the foregoing act was to give the excepting party "the benefit of the former trial without regard to the merits of the case as developed on a subsequent trial." *Id.,* 131 Tenn. at 133, 174 S.W. at 278. Although not expressly referred to in *Barnes,* clearly implicit therein was the recognition of the prevailing rule that no appeal could be taken from the action of a trial judge in granting a new trial, immediately following the first trial, for the reason that such action was not a final judgment. *See, e.g. State v. Perry,* 63 Tenn. 438 (1874), *King v. Miller,* 67 Tenn. 382 (1875) and *Railroad v. Conley,* 78 Tenn. 531 (1882).

Thus the conclusion was reached in *Barnes* that if plaintiff had been allowed to take a non-suit at or before the second trial, defendant would have lost the benefit of his motion for a directed verdict on the first trial, and that the settled law in this State, to give the unsuccessful party in the trial court the right to appellate review of every question properly made and preserved, was superior to the right of plaintiff to take a non-suit. The Court noted that following a non-suit by the plaintiff, defendant's Wayside Bill of Exceptions would not be available on appeal from any subsequent suit by plaintiff. Obviously, appellate review would be forever lost if the plaintiff was allowed to non-suit.

The foregoing principle of law has not been overruled or modified by this Court. Bills of Exception and Wayside Bills of Exception have been abolished but a method of preserving for appellate review issues that are in a posture similar to defendant's issue in *Barnes* has been provided. *See* T.R.A.P. 24(h).

In *Brackin v. McGannon, supra,* the Court reaffirmed the principle announced in *Barnes v. Noel, supra,* although the principle was not applicable to the facts in *Brackin* because the plaintiff took a non-suit before submission of the case to the jury.

The right that had vested in the defendant in *Barnes* during the pendency of the case was to have appellate review of the trial judge's denial of his motion for directed verdict, which issue was required to be renewed in defendant's motion for a new trial. Therefore, in *Barnes* the vested right at issue was the right of appellate review of an adverse action of the trial judge on a motion for a new trial.

In the case at bar, the vested right asserted by defendant was the right of appellate review of the trial judge's action in granting plaintiff a new trial. We adhere to the rule promulgated in *Barnes* and find it applicable and controlling in the disposition of the issue asserted by defendant in this case, to-wit: that he is entitled to appellate review of the validity of the action of the trial judge in granting plaintiff a new trial.

The proper resolution of this case requires consideration of a number of procedural issues. A threshold issue arises because it presents the possibility that plaintiff's right to take a non-suit under Rule 41.01(1) would exist even though defendant's insistence that the trial judge erroneously granted a new trial was correct.

Rule 41.01(1) provides, in part, that
> [P]laintiff shall have the right to take a voluntary nonsuit, or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials *at any time before the jury retires to consider its verdict....* (Emphasis added.)

In this state, our rules and our case law are silent with respect to a plaintiff's right to take a non-suit after the grant of a new trial. The majority of our sister states terminate the absolute right of a plaintiff to take a voluntary non-suit without prejudice at some point in the first trial, and thereafter, the granting of such a dismissal is within the sound discretion of the trial judge. The trial judge should bear in mind the position of the defendant at the time of plaintiff's motion and may impose such conditions on the plaintiff as may be appropriate to prevent defendant from being unfairly affected by such dismissal. *See* Annotation, *Construction, as to Terms*

*and Conditions, of State Statute or Rule Providing for Voluntary Dismissal Without Prejudice Upon Such Terms and Conditions as State Court Deems Proper,* 34 A.L.R.4th 778 (1984). The federal rule is substantially the same. *See, e.g., Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir.1976). The trial court should impose only those conditions such as costs, attorneys fees, reasonable expenses of preparing for trial, etc., that are necessary to alleviate harm to defendant, and the court's discretion is reviewable only for abuse of discretion. In conformity with the majority of jurisdictions we adopt the rule as stated herein, applicable at all times subsequent to the retirement of the jury to consider its verdict at the first trial.

In this case, the trial judge granted plaintiff's voluntary non-suit without prejudice, without hearing from the defendant and we conclude that he reasoned that plaintiff had an absolute right to do so, on the theory that the grant of a new trial restarted plaintiff's right to a non-suit under T.R.C. P. 41.01. Thus, if the result in the appellate courts is that the trial judge's action in granting a new trial was correct, the trial judge will be required to reconsider plaintiff's motion for a non-suit in light of the rule we adopt herein.

There is a significant difference between the procedural posture of this case and that of *Barnes,* in the appellate courts. In *Barnes,* after the trial judge granted plaintiff's motion for a new trial on grounds other than the directed verdict issue, the trial judge denied the plaintiff's motion for non-suit. A second trial was held, after which the case was appealed. Defendant in *Barnes* was not entitled to pursue appellate review of the action of the trial judge adverse to him on the directed verdict issue, because neither the grant of a new trial by the trial judge nor the denial of the motion for non-suit was a final judgment.

In the case at bar, following the grant of a new trial, the order of non-suit without prejudice was entered. This order was a final judgment appealable under Rule 3(a), T.R.A.P.; the vested right acquired by the defendant would be unavailable to him when and if plaintiff refiled the lawsuit. Thus unlike *Barnes,* the defendant was not encumbered by the lack of a final judgment, and he immediately complied with T.R.A.P. 24(h) by filing a transcript of the proceedings on the motion for a new trial, designation of the record on appeal, statement of the issue to be presented on appeal, and gave the notices required by the rules.

As noted above, whether the plaintiff had a right to non-suit without prejudice depends upon whether the trial court was correct in granting a new trial. Neither party, however, asserted or briefed the issue of the correctness of the order granting a new trial.

■ We are presented with a classic case for the application of T.R.A.P. 13(b) that expressly grants the appellate courts authority to consider issues not brought up for review by any party. We invoke that rule to prevent needless litigation and to prevent prejudice to the judicial process, two of the reasons expressly mentioned in the Rule.

The parties are entitled to full appellate review and full opportunity to brief the issue of the correctness of the trial judge's action in granting plaintiff a new trial. While we are of the opinion that the present record is adequate for a proper review of that action, if either party deems the present appellate record insufficient to address the issue, a motion that the Court of Appeals direct the filing of a supplemental record under T.R.A.P. 24(e) would be in order.

The judgment of the Court of Appeals is reversed and this cause is remanded to that court for the consideration of the issue delineated herein. The costs incurred in this Court will be divided equally between the parties.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.