# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS MAY 6, 2002

## ROWANA BOBO AND KEVIN BOBO v. LEANTHER G. WILLETT

**Direct Appeal from the Circuit Court for Shelby County**
**No. 300289 T.D.; The Honorable John R. McCarroll, Jr., Judge**

---

**No. W2001-02552-COA-R3-CV - Filed November 7, 2002**

---

This case involves bodily injuries arising from a motor vehicle accident that occurred on October 19, 1998 in Memphis, Tennessee. The trial court returned a verdict for the Plaintiffs. Plaintiffs then filed a motion for new trial or alternatively for an additur. The trial court granted Plaintiff's motion for new trial and this appeal ensued.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Dismissed & Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

R. Layne Holley, Memphis, TN, for Appellant

David Hill, Corey Leathers, Memphis, TN, for Appellees

### MEMORANDUM OPINION[1]

This case involves bodily injuries resulting from a motor vehicle accident which occurred

on October 19, 1998 on Raines Road in Memphis, Tennessee. Appellees, Rowana Bobo ("Mrs.

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. - This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Bobo") and Kevin Bobo ("Mr. Bobo"), were rear-ended by the Appellant, Leanther Willett ("Ms. Willett").

The case began in the circuit court, at which the jury returned a verdict in favor of Mr. and Mrs. Bobo as to liability and damages, awarding Mr. Bobo the sum of $75.00 and Mrs. Bobo the sum of $150.00. Thereafter, Mr. and Mrs. Bobo filed a motion for new trial or alternatively for an additur. The trial court granted Mr. and Mrs. Bobo's motion for a new trial as to all issues presented. This appeal ensued from the trial court's order for a new trial. Ms. Willett raises multiple issues on appeal. These issues, however, will not be addressed by this court due to lack of subject matter jurisdiction.

## Law and Analysis

Tennessee Rules of Appellate Procedure 3(a) provides in pertinent part "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." In the present case, Appellant appeals the ruling of the trial court's grant of a new trial. However, Tennessee case law is clear that an order granting a new trial is not a final judgment and therefore is not appealable as a matter of right. Davis v. Flynn, No. E1999-00421-COA-R3-CV, 2000 Tenn. App. LEXIS 439, at *3 (Tenn. Ct. App. June 21, 2000); Evans v. Wilson, 776 S.W.2d 939, 941 (Tenn. 1989); Panzer v. King, 743 S.W.2d 612, 616 (Tenn. 1988).

Appellee, citing judicial economy, asks this court to address the issues raised by Appellant even though not brought before this court using correct appellate procedure. This court must decline to do so. In accordance with Tennessee Rules of Appellate Procedure 3(a), where there has been no final judgment, we are without jurisdiction to address the issues raised on appeal. <u>Davis</u>, 2000 Tenn. App. LEXIS 439, at *3; <u>Fox v. Wisdom</u>, No. 89-184-II, 1990 Tenn. App. LEXIS 109, at *3 (Tenn. Ct. App. Feb. 22, 1990); <u>Maberry v. Bean</u>, No. 87-328-II, 1988 Tenn. App. LEXIS 279, at *4 (Tenn. Ct. App. May 10, 1988).

## Conclusion

Accordingly, because this court lacks subject matter jurisdiction, we dismiss this appeal and remand to the trial court for further proceedings. Costs on appeal taxed to the Appellant, Leanther Willett, and his surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE