IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## JOHNNY JESS DAVIS, ET UX. v. JOHNNIE REX FLYNN, ET UX.

**Direct Appeal from the Chancery Court for Sevier County**
**No. 97-1-006     Bobby H. Capers, Chancellor, By Interchange**

_____

**No. E1999-00421-COA-R3-CV - Decided June 21, 2000**

_____

The trial court granted the defendants a new trial, and vacated its earlier-entered judgment awarding the plaintiffs, Johnny Jess Davis and wife, Linda Diane Davis, $851,000. The plaintiffs appeal, contending that the trial court erred in granting the defendants a new trial. In their brief, the defendants challenge the trial court's order denying their motion to amend their pleadings to conform to the proof.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

SUSANO, J., delivered the opinion of the court, in which FRANKS, and SWINEY, JJ., joined.

Lewis S. Howard, Jr., Knoxville, Tennessee, for the appellants Johnny Jess Davis and wife, Linda Diane Davis.

Charles I. Poole, Sevierville, Tennessee, for the appellees, Johnnie Rex Flynn and wife, Barbara Flynn.

**OPINION**

On June 9, 1999, following a bench trial, Chancellor Bobby H. Capers, sitting by interchange, entered a judgment awarding the plaintiffs $851,000 based upon the following findings as set forth in the judgment:

> [T]he Court determined that the Plaintiffs Johnny Jess Davis and Linda Diane Davis, had a valid right of first refusal to purchase certain property owned by the Defendants Johnnie Rex Flynn (deceased) and Barbara Flynn and sold on January 3, 1996 to HGC, Limited in violation of such right of first refusal....

The defendants subsequently filed a "Motion for New Trial and/or Alteration and/or Amendment of Final Judgment." In their motion, the defendants sought to amend their answer to plead the affirmative defense of estoppel and also sought other post-judgment relief, including a new trial.

At a hearing on September 27, 1999, the trial court granted the defendants a new trial after refusing to allow them to amend their answer to conform to the proof. This appeal followed.

This appeal is before us ostensibly under Tenn. R. App. P. 3(a), which provides as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

An appeal as of right pursuant to Tenn. R. App. P. 3(a) may be taken only after there has been a final judgment in the trial court. *Evans v. Wilson,* 776 S.W.2d 939, 941 (Tenn. 1989); *Panzer v. King,* 743 S.W.2d 612, 616 (Tenn. 1988); *C.O. Christian & Sons Co. v. Nashville P.S. Hotel, Ltd.,* 765 S.W.2d 754, 756 (Tenn. Ct. App. 1988). In the instant case, the plaintiffs appeal the trial court's order awarding the defendants a new trial. An order granting a new trial is not a final judgment and therefore is not appealable under Tenn. R. App. P. 3(a). *Evans,* 776 S.W.2d at 941; *Panzer,* 743 S.W.2d at 616. In the absence of a final judgment, we are without jurisdiction under Tenn. R. App. P. 3(a) to consider the issues raised in this case. *Fox v. Wisdom*, C/A No. 89-184-II, 1990 WL 15224, at *1 (Tenn. Ct. App. W.S., filed February 22, 1990); *Maberry v. Bean*, C/A No. 87-328-II, 1988 WL 46199, at *2 (Tenn. Ct. App. W.S., filed May 10, 1988). A lack of "jurisdiction over the subject matter" must be noticed by us whether raised as an issue or not. *See* Tenn. R. App. P. 13(b).

This appeal is dismissed. This case is remanded for further proceedings. Costs on appeal are taxed to the appellants.