IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 1, 2001 Session

## JOE LOUIS GRANT v. SERVICE TRANSPORT, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 37821-4 T.D.; The Honorable Rita L. Stotts, Judge**

_____

**No. W2000-02688-COA-R3-CV - August 15, 2001**

_____

This appeal arises from a negligence claim filed by the Appellee against the Appellant in the Circuit Court of Shelby County. The Appellant filed a motion for summary judgment or, in the alternative, to dismiss for failure to state a claim. The trial court denied the Appellant's motion. The Appellant filed a motion for permission to file an interlocutory appeal. The Appellee filed an order of voluntary dismissal before the Appellant's motion for permission to file an interlocutory appeal could be heard.

The Appellant appeals, arguing that the order of voluntary dismissal deprived it of the right to seek appellate review of the trial court's denial of its motion for summary judgment or, in the alternative, to dismiss for failure to state a claim. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Garrett M. Estep, Memphis, for Appellant, Service Transport, Inc.

No Brief filed for Appellee

# MEMORANDUM OPINION[1]

## I. Facts and Procedural History

The Appellee, Joe Louis Grant ("Mr. Grant") was employed by R.E. West, Inc. ("West"). Mr. Grant was injured while using a tractor trailer leased by West to the Appellant, Service Transport, Inc. ("Service Transport"). Mr. Grant alleged that the tractor trailer was negligently maintained and/or repaired which caused his injury. On March 15, 1991, Mr. Grant filed a complaint in the Circuit Court of Shelby County against Service Transport, alleging negligence under a theory of respondeat superior. On October 10, 1991, Service Transport filed an answer. On April 6, 1993, Service Transport filed a motion to dismiss and/or for summary judgment. On May 19, 1993, Mr. Grant filed a motion for order allowing leave to amend original complaint. On July 29, 1993, Mr. Grant filed a second motion for order allowing leave to amend original complaint to allege violations of federal and state occupational safety and health acts. On November 10, 1993, Mr. Grant filed an amended complaint. On January 14, 1994, the trial court granted Mr. Grant's motions for order allowing leave to amend original complaint.

Service Transport removed the case to the United States District Court for the Western District of Tennessee. On March 11, 1994, Service Transport filed an answer to the amended complaint. On April 1, 1994, Mr. Grant and Service Transport filed a joint stipulation of dismissal with prejudice of any federal causes of action that Mr. Grant had arising under any federal motor carrier statutes or any federal regulations promulgated thereunder. On the basis of the joint stipulation of dismissal with prejudice, the federal court remanded the case to the Circuit Court of Shelby County on April 5, 1994.

On May 16, 1994, Service Transport filed a motion for judgment on the pleadings dismissing all federal causes of action alleged by Mr. Grant pursuant to the joint stipulation. Service Transport also filed a motion for a more definite statement requesting that Mr. Grant plead with specificity the alleged violation of any Tennessee statute or regulation. On June 3, 1994, the trial court granted Service Transport's motion for judgment on the pleadings and ordered Mr. Grant to file a more definite statement. On June 20, 1994, Mr. Grant filed a more definite statement, citing a violation of section 50-3-105(1) of the Tennessee Code. Service Transport filed its answer and amended answer to the more definite statement on August 25 and September 7, 1995, respectively.

On July 24, 1995, the trial court dismissed Mr. Grant's respondeat superior claims. On July 17, 2000, the trial court dismissed Mr. Grant's claim based upon section 50-3-105(1) of the Tennessee Code. On July 19, 2000, Service Transport filed a motion for summary judgment or, in

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reasons in a subsequent unrelated case.

the alternative, to dismiss for failure to state a claim, alleging that all well-pleaded causes of action had been dismissed by court order or stipulation. On August 25, 2000, Mr. Grant filed a third motion for leave to amend the complaint. On September 8, 2000, both parties' motions were argued before, and denied by, the trial court. Service Transport filed a motion for permission to file an interlocutory appeal. Before Service Transport's motion for permission to file an interlocutory appeal could be heard, Mr. Grant filed an order of voluntary dismissal pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The following two issues, as we perceive them, are presented for our review: 1) whether this Court has jurisdiction over this appeal; and 2) if this Court does have jurisdiction, whether the trial court erred by denying Service Transport's motion for summary judgment or, in the alternative, to dismiss for failure to state a claim. We will examine each of these issues in turn.

Service Transport argues that this Court should accept jurisdiction over this appeal due to the unique circumstances of the case at bar. Service Transport claims that its motion for summary judgment or, in the alternative, to dismiss for failure to state a claim was not based upon the application of substantive law to the facts. Rather, Service Transport states that its motion was based upon an issue of law: whether Mr. Grant, after filing a complaint, three motions to amend, an amended complaint, and a more definite statement, stated a valid cause of action against Service Transport. Service Transport argues that it could not simply renew its motion should Mr. Grant recommence the case because the circumstances that occurred below will be forever lost.

Rule 41.01 of the Tennessee Rules of Civil Procedure states, in pertinent part:

> Subject to the provisions of Rule 23.05 or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties.

TENN. R. CIV. P. 41.01.

After the plaintiff takes a voluntary nonsuit, "[n]o present controversy exists. The lawsuit is concluded and can only be resurrected if and when the plaintiff recommences the action. The plaintiff's refiling the suit is a contingent event that may not occur." Martin v. Washmaster Auto Center, Inc., No. 01-A-01-9305-CV-00224, 1993 WL 241315, at *2 (Tenn. Ct. App. July 2, 1993). A plaintiff's right to take a voluntary nonsuit "is subject to the restriction that it will not deprive defendant of a right that became vested during the pendency of the case." Panzer v. King, 743 S.W.2d 612, 614 (Tenn. 1988). We are unable to find that Service Transport had a right that became vested during the pendency of the case that was deprived by Mr. Grant's voluntary nonsuit. Accordingly, we find that this Court does not have jurisdiction over this appeal.

Because we find that this Court does not have jurisdiction over this appeal, we decline to decide whether the trial court erred by denying Service Transport's motion for summary judgment or, in the alternative, to dismiss for failure to state a claim.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Service Transport, Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE