IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 27, 2005 Session

## JERRY TRULL, ET UX. v. BRAD RIDGEWAY, ET UX.

**A Direct Appeal from the Chancery Court for Henry County**
**No. 19587    The Honorable Ron E. Harmon, Chancellor**

_____

**No. W2004-02026-COA-R3-CV - Filed May 27, 2005**

_____

Plaintiffs-landowners filed a chancery court complaint seeking to establish ownership of a parcel of real estate which they claimed by adverse possession. The trial court dismissed the complaint pursuant to the provisions of T.C.A. § 28-2-110 (failure to pay real estate taxes for twenty years) and also allowed defendants to take a voluntary nonsuit of a counter-claim against the plaintiffs. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Charles Fleet of Bolivar for Appellants, Jerry Trull and Rita Trull

David S. Hessing of Paris for Brad Ridgeway and Angie Ridgeway

**OPINION**

The record does not contain a transcript or statement of the evidence, and the only record in this Court is the technical record. Plaintiffs, Jerry Trull and Rita Trull ("Trulls" or "Plaintiffs") filed a suit against the Defendants, Brad Ridgeway and Angie Ridgeway ("Ridgeways" or "Defendants") seeking, primarily, ownership of a parcel of real property which they contend they had been occupying for twenty years by adverse possession. The Ridgeways filed an answer to the complaint denying the material allegations thereof and averring that they are the fee simple owners of the property by virtue of the deeds set out in the answer. The Ridgeways further aver that they have paid the taxes on the property involved in the dispute and that Plaintiffs' action is barred by virtue of T.C.A. § § 28-2-110, for failure to pay taxes on the property for twenty years. The Ridgeways also filed a counter-complaint seeking damages for Plaintiffs' trespass and for the establishment of a boundary line between Plaintiffs and Defendants.

There was no evidentiary hearing and the parties concede that Plaintiffs' attorney admitted in open court that the Plaintiffs had not paid the taxes for a period of twenty years. On August 2, 2004, the trial court entered an order stating, in relevant part:

> ...the Court finds that [the Trull's] cause of action must fail in that [the Trulls] or their predecessors in interest have not paid property taxes on the real estate in question for twenty continuous years pursuant to T.C.A. § 28-2-110.
>
> The Court further finds the [Ridgeways] announced to the Court that they have elected to take a voluntary non-suit as to their cause of action against [the Trulls].

The Trulls appeal and raise two issues for review: (1) Whether the trial court erred in dismissing the Trulls claim pursuant to T.C.A. §28-2-110; and (2) Whether the trial court erred in allowing the Ridgeways to take a voluntary non-suit on their counter-claim thus barring the Trulls from raising the defense of adverse possession.

Both the trial courts application of T.C.A. §28-2-110 and the court's allowing the Ridgeway's to non-suit their counter-claim are questions of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

T.C.A. § 28-2-110, as pertinent here, provides:

> (a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims **have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same**, or to recover any rents or profits therefrom in any of the courts of this state.

*Id*. (Emphasis added).

Our duty in construing a statute is to ascertain and give effect to the intention and purpose of the legislature. *See Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn.2000); Freeman, 27 S.W.3d 909, 911 (Tenn. 2000). " 'Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language.' " *Lipscomb*, 32 S.W.3d at 844 (quoting *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn.1997)). When the statutory language is clear and

unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. ***See id.***; ***Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue***, 865 S.W.2d 1, 2 (Tenn.1993).

The language of T.C.A. § 28-2-110 (a) clearly states that parties have no standing to bring "any action in law or in equity [i.e. a claim in adverse possession] to recover [property that is subject to state or county property taxes]" if that party has not paid taxes on same. It is undisputed that the Trulls have never paid taxes on the tract in question. Consequently, the trial court correctly applied T.C.A. §28-2-110(a) in barring the Trull's claim against the Ridgeways.

Notwithstanding the fact that T.C.A. §28-2-110(a) clearly bars the Trulls from **bringing** a suit to recover this particular property due to their non-payment of taxes, the Trulls contend that the Ridgeways should not have been allowed to non-suit their counter-claim because, in so doing, the Ridgeways barred the Trulls from raising adverse possession as a defense to said claim. Tenn. R. Civ. P. 41.01 governs voluntary dismissals and reads, in relevant part, as follows:

> (1) ...except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice...by an oral notice of dismissal made in open court during the trial of a cause....
>
> *              *              *
>
> (3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk....

It has been held "that a plaintiff's right to take a non-suit is subject to the restriction that it will not deprive defendant of a right that became vested during the pendency of a case." ***Panzer v. King***, 743 S.W.2d 612, 614 (Tenn. 1988). Plaintiffs have not, in any manner, shown that they had a vested right to require the Defendants and Counter-Plaintiffs to litigate the suit against them concerning title to the property.

The order of the trial is affirmed. Appellees' request to find this a frivolous appeal is denied. Costs of the appeal are assessed to the Appellants, Jerry Trull and Rita Trull, and their surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.